**Supreme Court**

No. 2014-165-Appeal.
(PC 13-4518)

John Izzo et al.                    :

v.                    :

Victor Realty et al.                    :


NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John Izzo et al.           :

v.               :

Victor Realty et al.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The defendant, Victor Realty,[1] appeals from a Providence County Superior Court order vacating an August 9, 2013 final decree which barred the rights of redemption of the plaintiffs—viz., John Izzo and his mother, Carmel Izzo.[2] Victor Realty contends that the trial justice erred in determining that the plaintiffs were not provided with adequate notice of the petition, filed by Victor Realty, to foreclose the plaintiffs' rights of redemption with respect to property located at 93-105 Manton Avenue in Providence (the Property). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be

---

[1] The Narragansett Bay Commission, at one time a defendant in this case, was dismissed from the action by stipulation before this appeal.

[2] Due to the fact that the persons involved in this case share the same last name, we shall hereinafter refer to them by their first names. In doing so, we intend no disrespect.

decided at this time. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

It is undisputed that, prior to the final decree barring plaintiffs' rights of redemption, John was the owner of the Property and his mother held a mortgage on the Property. The complaint in the instant case reflects the following facts with respect to the Property. On May 3, 2012, after the failure to pay sewer fees, the Property was put up for sale at a tax sale and defendant purchased it. Subsequently, on May 6, 2013 (in a separate action from the one being considered on this appeal), defendant filed a petition in the Providence County Superior Court to foreclose plaintiffs' rights of redemption to the Property (the Petition), pursuant to G.L. 1956 § 44-9-25. Neither plaintiff responded to the Petition in accordance with § 44-9-29. On August 9, 2013, a hearing was held on defendant's Petition; it is undisputed that plaintiffs were not given notice of this hearing. A final decree was entered following the hearing, which final decree foreclosed plaintiffs' rights of redemption to the Property. The issue in the action before us is the adequacy of notice of the Petition as it pertains to John and Carmel.

The plaintiffs filed the complaint commencing the instant case on September 9, 2013, pursuant to § 44-9-24.[3] They sought entry of an order vacating the final decree of August 9,

---

[3] General Laws 1956 § 44-9-24 provides as follows:

> "The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the superior court as provided in this chapter. Notwithstanding the rules of civil procedure or the provisions of chapter 21 of title 9, no decree shall be vacated except in a separate action instituted within one year following entry of the decree and in no event for any reason, later than one year following the entry of decree.

2013, which had foreclosed their rights of redemption; due to what they alleged was inadequate notice of the Petition. On March 6, 2014, a bench trial took place before a justice of the Superior Court.

At the bench trial both plaintiffs testified. Carmel testified that she gave John the money to buy the Property and held a mortgage on the Property. She further testified that she lived in Florida for some portion of the year; but, on cross-examination, she conceded that she was a part-time resident of 20 Woodlake Avenue in Johnston. She also conceded on cross-examination that, on June 18, 2013—the date notices of the Petition arrived by certified mail to her Johnston address and the accompanying certified mail receipts were signed—she was living at the Johnston address; she stated, "I was definitely in Rhode Island June 18th, I will concede to that." Carmel acknowledged in her testimony that another son, Carl, signed the certified mail receipts when the notices were delivered to the Johnston address.[4] Carmel also explained in her testimony that the notices were addressed to her husband and herself but that her husband had passed away before the notices were sent. It was her testimony that Carl never gave her those notices.

---

> Furthermore, the action to vacate shall only be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes. The superior court shall have exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed, and the foreclosure proceedings shall follow the course of equity in a proceeding provided for in §§ 44-9-25 -- 44-9-33." (Emphasis added.)

[4] The certified mail receipts were entered into evidence at trial and reflected the fact that they were signed by Carl on June 18, 2013.

- 3 -

It was Carmel's further testimony that, prior to the commencement of the instant action, she was not aware of the Petition or the original tax sale, despite the fact that notice of both had been sent to her Johnston address. She added that, other than the two certified mailings signed for by Carl, she had received no other correspondence of any kind from Victor Realty. She also testified that she would have paid the sewer fees if she had been aware of the pending tax sale; she added that she was "financially able to do so."

The certified mail receipts entered as exhibits at trial indicate that notice of the Petition was also sent to John by certified mail with return receipts requested at both 93 Manton Avenue and 105 Manton Avenue. John testified that, on June 20, 2013, his employee, Maria Mayen, signed both of the certified mail receipts relative to the notices of the Petition that were sent to him. He indicated that he was not informed of the notices, but he further stated that, on June 20, 2013, he discovered them "behind the cash register." In his testimony, John acknowledged that, on June 21, 2013, he placed a phone call to counsel for Victor Realty to inquire about the redemption amount for the Property; he acknowledged that he was then provided with that information by fax. When specifically asked at trial if he had notice of the Petition, John responded in the affirmative.

Despite conceding that he had actual notice of the Petition, John acknowledged in his testimony at trial that he did not file an answer to the Petition nor did he make an offer to redeem. He did state that he tried to come up with the money to redeem the Property on his own, without "bringing [his] mother into it." It was his further testimony that he never heard from counsel for Victor Realty again after he was provided with the redemption amount and that he only discovered that his right of redemption had been foreclosed when the locks on the building were changed and "all the machinery disappeared."

- 4 -

John testified that, even though he had actual notice of the Petition, he "didn't know the ramification[s] of it." However, on recross-examination by counsel for Victor Realty, John was asked the following question:

> "Okay. Now, Mr. Izzo, you're certainly literate, as a businessman, a successful businessman.
>
> "The citation [(i.e., the notices sent to John and signed for on June 20, 2013)] that you received states as follows. You notice what I've underlined for you on your copy, that if you desire to make any objection or defense to said petition you or your attorney must file a written appearance and answer under oath setting forth clearly and specifically your objection or defense. And it says further on down, Unless your appearance is filed, which is a written filing, by or for you, your default would be recorded and said petition will be taken as confessed, meaning the request of the petition to foreclose will be confessed and granted. So that language is fairly straightforward and simple. And you stated that you had a copy of this citation, and yet you did not file an answer, an offer to redeem, as required by the citation and by the statute on which it's based.
>
> "Is that correct?"

John stated "[Y]es" in response. No other witnesses were called.

During closing argument, plaintiffs' attorney pointed out that notice to John was sent to his business address rather than his home address. He also argued that, regardless of the adequacy of notice, John "effectively entered an appearance" in the proceeding on the Petition when he called counsel for Victor Realty to inquire about the redemption amount. The plaintiffs' attorney contended that, for that reason, it was necessary for John to be notified of the August 9 hearing. He also contended that Carmel never received actual notice of the Petition. Counsel for Victor Realty responded by positing that notice was sent in accordance with the statutory requirements (he stated that it was sent by certified mail, return receipts requested) and that there was no requirement that notice of the August 9 hearing be provided to John because he had never filed an answer.

The trial justice issued a bench decision on the same day on which the trial took place. He noted that this Court had stated that "equity has been especially vigilant to relieve against forfeitures * * *." (Internal quotation marks omitted.) The trial justice also engaged in a carefully considered analysis of our precedent and its applicability to the instant case. He ultimately found that Carmel did not receive adequate notice when she did not have actual notice and a family member signed the certified mail receipts; therefore, the trial justice concluded that she was never given an opportunity to present her objections to the Petition. He also decided that notice to John was "deficient" because it was sent to his business address and that that fact "exacerbated" the failure to notify him of the August 9 hearing. However, the trial justice did state that notifying John of the August 9 hearing "may not have been required under the statute."

Accordingly, the trial justice granted plaintiffs' request to vacate the final decree foreclosing their rights of redemption on the basis of inadequate notice that amounted to a denial of due process. In early April of 2014, an order entered implementing the trial justice's bench decision; it denied a motion for summary judgment which had been filed by Victor Realty and vacated the August 9, 2013 final decree foreclosing plaintiffs' rights of redemption. Victor Realty filed a timely notice of appeal to this Court with respect to the trial justice's vacating the August 9, 2013 final decree.

## II

### Issues of Appeal

Victor Realty contends on appeal that the Superior Court erred in vacating the final decree foreclosing plaintiffs' rights of redemption because: (1) John had actual notice of the Petition; (2) John was not entitled to notice of the August 9, 2013 hearing; and (3) Carmel was served with notice "in the manner required by the * * * statute." This Court is tasked with

- 6 -

determining whether the Superior Court erred in deciding that the notice provided to John and/or Carmel was so inadequate as to amount to a denial of due process, pursuant to chapter 9 of title 44 of the General Laws.

## III

### Standard of Review

We have specifically stated that, when considering an appeal from a judgment denying a party's request to vacate a final decree foreclosing that party's right of redemption to property, we "exercise a de novo standard of review." Kildeer Realty v. Brewster Realty Corp., 826 A.2d 961, 962, 965 (R.I. 2003). Our reasoning in that opinion was that a request "which contends that a judgment is void is one which is not addressed to the court's discretion. A judgment is either valid or it is not and discretion plays no part in resolving the issue." Id. at 965 (quoting Nisenzon v. Sadowski, 689 A.2d 1037, 1047 (R.I. 1997)) (emphasis in original). Although Kildeer dealt with the denial of a motion to vacate a final decree whereas the instant case deals with a trial justice having actually vacated a final decree, it is our view that the same standard of review should apply. Thus, we will proceed to conduct a de novo review.

## IV

### Analysis

In Rhode Island, "a person holding an interest in * * * property has an absolute right," for one year following a tax sale of the property, "to redeem the property by paying the purchase price to the buyer at the tax sale [(in this case, Victor Realty)] * * *, along with any accumulated fees, taxes, and penalties." Johnson v. QBAR Associates, 78 A.3d 48, 52 (R.I. 2013); see § 44-9-21. If the property has not been redeemed within a year of the tax sale, the purchaser at the tax sale may file a petition in Superior Court to "foreclose upon any interested party's right of

redemption." Johnson, 78 A.3d at 52; see § 44-9-25(a). The purchaser must then send notice to all interested parties, including the mortgagee. Johnson, 78 A.3d at 52; see § 44-9-27. After "notice * * * is effectuated, any interested party may redeem the property by filing an answer to the petition along with an offer to redeem * * *." Johnson, 78 A.3d at 52; see § 44-9-29. If an interested party fails to do so, "a decree shall be entered which shall forever bar all rights of redemption." Johnson, 78 A.3d at 52 (internal quotation marks omitted); see § 44-9-30. The only means to challenge such a decree is specifically provided for by statute; as plaintiffs did in the instant case, a separate action can be brought alleging inadequate notice of the petition to foreclose the rights of redemption which amounts to a due process violation. Sec. 44-9-24.

### A

### Notice to John

### 1. Notice of the Petition

The first issue with which we are confronted is whether or not notice of the Petition to John was adequate. It is undisputed that John had actual notice of the Petition given that John expressly acknowledged as much in his testimony at trial.

The situation in the instant case has been expressly addressed by the General Assembly in § 44-9-11(c). That statute provides, in pertinent part, as follows:

> "Once a petition is filed under § 44-9-25, and any party in interest entitled to notice of the tax sale receives actual notice of the pendency of the petition to foreclose, the party must raise the notice defense in accordance with the provisions of § 44-9-31 or be estopped from alleging lack of notice in any action to vacate a final decree entered in accordance with § 44-9-30." Sec. 44-9-11(c).

In the instant case, a petition was filed under § 44-9-25 by Victor Realty. John had actual notice of the Petition. He did not raise a notice defense in that action. In fact, he acknowledged at trial that the notices he received of the Petition made it clear that he had to file a written appearance

- 8 -

and answer to the Petition setting forth his objection or the Petition would be granted pursuant to § 44-9-31, and he acknowledged that he nonetheless took no action. As such, by the clear and unambiguous terms of the statute, he is estopped from alleging lack of notice in this separate action to vacate the final August 9, 2013 decree foreclosing his right of redemption with respect to the Property. See Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 534 (R.I. 2012) (holding that clear and unambiguous statutory language must be interpreted literally). Moreover, in Johnson, 78 A.3d at 53, where an individual brought an action alleging inadequate notice under § 44-9-24 but had, in fact, received actual notice of a petition to foreclose her right of redemption, we held that, in view of the fact that actual notice was received, there was no deprivation of due process. See also ABAR Associates v. Luna, 870 A.2d 990, 995 (R.I. 2005) (stating that it has been the repeated holding of this Court that, "upon notice of a petition for foreclosure of the right of redemption, the failure by one who owns an interest in real estate to file an answer or specifications on or before the return day forever bars that party from later contesting the validity of the tax title") (internal quotation marks omitted). Thus, the statutory scheme at issue and our precedent lead us to the conclusion that the trial justice erred in finding that notice of the Petition as it pertained to John was inadequate since John was estopped from raising such an argument.

### 2. Notice of the August 9, 2013 Hearing

The defendant argues on appeal that, since John received actual notice of the Petition and failed to file an answer or enter a written appearance, as required under chapter 9 of title 44 of the General Laws, he had not entered an appearance and was not entitled to notice of the August 9, 2013 hearing.

As we turn to this issue, we begin by noting that it is by no means clear from the record that the trial justice actually held that John was entitled to notice of the August 9, 2013 hearing. In his decision, the trial justice stated:

> "Mr. Izzo was not properly served, the failure of the defendant to subsequently notify him of the motion for foreclosure on August 9th is exacerbated. Although that may not have been required under the statute, as [counsel for Victor Realty] likes to remind the Court to the strictures of the statute, since notice was not properly served on Mr. Izzo, then his obligation to answer had not run, and notice should have been provided to him * * *."

The trial justice's comments, although unclear, suggest to this Court that he did not hold that John was entitled to notice of the August 9, 2013 hearing. However, despite our view in that regard, we will very briefly address the subject of John's right to notice of the August 9, 2013 hearing.

This Court has indicated, with respect to defaults under Rule 55 of the Superior Court Rules of Civil Procedure, that an appearance is "broadly defined and [is] not limited to a formal court appearance." Val-Gioia Properties, LLC v. Blamires, 18 A.3d 545, 548 (R.I. 2011) (internal quotation marks omitted). However, we have also expressly stated that the Superior Court Rules of Civil Procedure do not apply to tax foreclosure actions. Johnson, 78 A.3d at 53 n.7 ("[T]ax sale foreclosure proceedings are specifically exempted from the operation of the Rules of Civil Procedure by Rule 81(a)(2) of the Superior Court Rules of Civil Procedure * * *."). The notices of the Petition which John testified he eventually received were in compliance with the form required under § 44-9-46 and contained the following language:

> "If you desire to make any objection or defense to said petition, you or your attorney <u>must</u> <u>file</u> <u>a</u> <u>written</u> <u>appearance</u> <u>and</u> <u>an</u> <u>answer</u>, <u>under</u> <u>oath</u>, <u>setting</u> <u>forth</u> <u>clearly</u> <u>and</u> <u>specifically</u> <u>your</u> <u>objection</u> <u>or</u> <u>defense</u> <u>to</u> <u>each</u> part of said petition, in the office of the Superior Court in Providence on or before the 20th day following the day of

receipt of this Citation next, that you may then and there show cause, if any, why the prayer of the petition should not be granted. "Unless <u>your appearance is filed by or for you, your default will be recorded, the said petition will be taken as confessed</u>, and you will be forever barred from contesting said petition or any decree entered thereon." (Emphasis in original.)

Therefore, John was on notice that he had to enter a written appearance and an answer or his default would be recorded. He did not file a written appearance or an answer. Thus, in the context of this case, we are unable to hold that John had entered an appearance and was thereby entitled to notice of the August 9, 2013 hearing.

**B**

**Notice to Carmel**

Victor Realty contends that the Superior Court erred in finding notice to Carmel was inadequate because Victor Realty followed the requirements of the statute in providing notice to Carmel and actual notice was not required. The plaintiffs counter by averring that notice was inadequate and should be found to be so in order to accord with "the practice and procedure of equity." (Internal quotation marks omitted.)

The requirements of notice pertinent to the instant case are set forth in the following clear statutory language:

> "Upon the filing of a petition, the petitioner shall, at his or her own cost, select, with the approval of the court, a title company or an attorney familiar with the examination of land titles. This company or attorney shall make an examination of the title sufficient only to determine the persons who may be interested in the title, and <u>the petitioner shall</u>, upon the filing of the examiner's report, <u>notify all persons appearing to be interested</u>, whether as equity owners, mortgagees, lienors, attaching creditors, or otherwise, as well as the tax collector in the municipality where the subject property is located, <u>of the pendency of the petition, the notice to be sent to each by registered or certified mail and return of receipt required</u>." Sec. 44-9-27(a) (emphasis added).

In addressing whether notice to Carmel was adequate, we are keenly mindful of the maxim that "[E]quity never * * * lends its aid to enforce a forfeiture * * *." ABAR Associates, 870 A.2d at 994 (quoting Albertson v. Leca, 447 A.2d 383, 387 (R.I. 1982)). However, despite that venerable principle, we cannot overlook the statutory language; the statute specifically requires that notice be sent to a mortgagee (in the instant case, Carmel) by certified mail with a return receipt requested. There is no dispute that defendant followed the terms of the statute. The issue with which we must contend is whether, in the instant case where Carmel's son signed for the certified mailings but did not inform her of those mailings, notice is still adequate so as not to amount to a denial of due process. A thorough review of the United States Supreme Court precedent, as well as our own precedent, leads to the conclusion that notice to Carmel was in compliance with the statute and was adequate, even though Carmel never received actual notice.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Flynn v. Al-Amir, 811 A.2d 1146, 1151 (R.I. 2002). However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226 (2006); see also Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir. 1988) ("The proper inquiry is whether the state acted reasonably in selecting means likely to inform persons affected, not whether each property owner actually received notice."). Also, in Jones, 547 U.S. at 226, the United States Supreme Court acknowledged its "ample precedent" allowing for notice by mail.[5] See, e.g., Dusenbery v.

---

[5] It is worth noting that, in Jones v. Flowers, 547 U.S. 220, 226, 239 (2006), the United States Supreme Court held that adequate notice of a tax sale was not provided when notice was sent by certified mail but it was returned to the sender marked "unclaimed." The instant case is

- 12 -

United States, 534 U.S. 161, 164, 169, 172 (2002) (holding that notice sent by certified mail to an inmate was adequate).

Furthermore, this Court has followed the Supreme Court in holding that, when providing notice of a tax sale,[6] § 44-9-10 permits notice by certified mail to the individual's last known place of abode and that a hearing justice erred in finding such notice to be inadequate. Amy Realty v. Gomes, 839 A.2d 1232, 1235 (R.I. 2004). We specifically stated that "[a]ctual notice was not required." Id. We have also held, when discussing service of process rather than notice under the tax foreclosure statute, that service sent by certified mail and signed for by the defendant's mother was adequate. Flynn, 811 A.2d at 1151-52. Importantly, we stated: "Service by registered or certified mail should be regarded as equally efficacious [as personal service] from a constitutional perspective to invoke personal jurisdiction since the return receipt normally guarantees that the defendant or someone related or associated with him has received the process * * *." Id. at 1151 (emphasis in original) (internal quotation marks omitted).

The testimony in the instant case reflects the fact that Carmel did not have actual notice. However, that does not necessarily mean that the notice provided to her was inadequate. See Jones, 547 U.S. at 226. Her testimony and the exhibits at trial reflect the fact that defendant sent her notice by certified mail with return receipts requested at her last known address, which is all the above-referenced precedent requires. See, e.g., Amy Realty, 839 A.2d at 1235. Additionally, Carmel testified that, despite spending some of the year in Florida, she was "definitely" in Rhode Island and living at the address where the certified mailings were sent on

---

easily distinguishable in view of the fact that Carmel's son signed for the two notices that were sent to her address. As such, defendant had no reason to know that notice was not received.

[6] While we are dealing with a petition to foreclose rights of redemption in the instant case, rather than a tax sale, cases addressing notice required before a tax sale are instructive since similar property interests are implicated.

the date they were signed for by Carl. In our judgment, such notice was reasonably calculated to apprise her of the Petition and allow her to present an objection. See Mullane, 339 U.S. at 314.

Moreover, our precedent is instructive with respect to the fact that Carl, not Carmel, signed for the certified mailings; service of process by certified mail is adequate since it typically guarantees that the individual to whom the service is addressed "or someone related" would receive service. Flynn, 811 A.2d at 1151 (emphasis in original). It follows that notice of a petition to foreclose rights of redemption which is sent by certified mail and signed for by a relative of the intended recipient is adequate notice and does not amount to a denial of due process. We note that we have specifically stated that the statutory scheme at issue, which requires only notice by certified mail with return receipts requested, "strikes a fair balance between the interests of the government and private property rights * * *." Mortgage Electronic Registration Systems, Inc. v. DePina, 63 A.3d 871, 876 (R.I. 2013) (internal quotation marks omitted); see also § 44-9-27. Furthermore, the fact that Carmel testified that she was "financially able" to redeem does not overcome the fact that she was provided legally adequate notice of the Petition and did not file an answer or an offer to redeem.

It is worth noting that the Supreme Judicial Court of Massachusetts, in Town of Andover v. State Financial Services, Inc., 736 N.E.2d 837, 840 (Mass. 2000), held that the notice provision of the Massachusetts tax title foreclosure law requiring notice by certified mail "satisfied * * * due process." It is likewise our opinion that, in the particular circumstances of the instant case, the defendant's compliance with § 44-9-27 in providing notice by certified mail with return receipts requested ensured adequate notice to Carmel.

## V

## Conclusion

For the reasons stated in this opinion, we vacate the order of the Superior Court. We remand the record to that tribunal for entry of judgment in accordance with this opinion.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          John Izzo et al. v. Victor Realty et al.

**CASE NO:**          No. 2014-165-Appeal.
(PC 13-4518)

**COURT:**          Supreme Court

**DATE OPINION FILED:**          February 18, 2016

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**          Providence County Superior Court

**JUDGE FROM LOWER COURT**:

          Associate Justice Luis M. Matos

**ATTORNEYS ON APPEAL:**

          For Plaintiffs:   Maurene Souza, Esq.
                              William T. Carline III, Esq.

          For Defendants:  Patrick T. Conley, Esq.