**Supreme Court**

No. 2015-48-Appeal.
(PM 14-4830)

Patrick T. Conley　　　　　　　:

v.　　　　　　　　　　:

Paul Fontaine, et al.　　　　　:

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Patrick T. Conley                    :

v.                         :

Paul Fontaine, et al.                 :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**   At issue in this case is the legal propriety of a judgment allowing Bank of New York Mellon (the Bank) to redeem certain property that had been sold at a tax sale.   The plaintiff, Patrick T. Conley, appearing pro se, appeals from a Providence County Superior Court judgment in which his "Motion for Entry of Default and Final Decree" with respect to the property at issue (located at 1090 Joslin Road in Burrillville) (the Property) was denied, and the Bank's Motion to File a Late Answer and its request to redeem the Property were granted.   Mr. Conley contends that the trial justice erred in allowing the Bank to redeem even though it had been "negligent" with respect to filing its "Response to Petition to Foreclose Tax Lien," its Motion to File a Late Answer, and its entry of appearance; he avers that the just-referenced documents were filed improperly, in that the Bank did so only after the return date specified in the "Petition to Foreclose Tax Lien," and he further contends that the Bank has "failed to explain its tardiness."   This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be

summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

**I**

**Facts and Travel**

It is undisputed that, on September 27, 2013, plaintiff purchased the Property at a tax sale. Subsequently, on October 1, 2014, plaintiff filed a "Petition to Foreclose Tax Lien" (the Petition) in the Providence County Superior Court, in which plaintiff sought to foreclose the Bank's right of redemption with respect to the Property pursuant to G.L. 1956 § 44-9-25. It is also undisputed that, on October 7, 2014, the Petition provided notice to the Bank in the following terms:

> "PETITION TO FORECLOSE TAX LIEN
> PM No. 14-4830
>
> "TO ALL, WHOM IT MAY CONCERN, and to PAUL FONTAINE, SHERYL FONTAINE, BANK OF NEW YORK MELLON, JOHN A. DESANO, JR., ESQ., AND NASONVILLE FIRE DISTRICT
>
> "Whereas, a petition has been presented to said Court by PATRICK T. CONLEY, ESQ.[,] 1445 Wampanoag Trail, Suite 203 of East Providence, RI 02915 in the County of Providence and said State, to foreclose all rights of redemption from the tax lien proceedings described in said petition in and concerning a certain parcel of land situated in the County of Providence and in said State, bounded and described in said petition as follows:
>
> > "That certain lot or parcel of land with all the buildings and improvements thereon situated at 1090 Joslin Road in the Town of Burrillville, County of Providence, State of Rhode Island, laid out and designated as Lot 19 on Assessor's Plat 63.

> "If you desire to make any objection or defense to said petition you or your attorney must file a written appearance and answer, under oath, setting forth clearly and specifically your objection or defense to each part of said petition, in the office of the Superior Court in <u>Providence</u> on or before the 20th day following the day of receipt of this Citation next, that you may then and there show cause, if any, why the prayer of the petition should not be granted.
>
> "Unless your appearance is filed by or for you, your default will be recorded, the said petition will be taken as confessed and you will be forever barred from contesting said petition or any decree entered thereon." (Emphasis in original.)

It is further undisputed that the Bank did not file an answer on or before the twentieth day after receipt of the Petition (which would have been October 28, 2014). In the Bank's memorandum filed pursuant to Article I, Rule 12(A) of the Supreme Court's Rules of Appellate Procedure, the Bank described several communications between plaintiff and the Bank's local counsel which took place between October 30 and November 6, 2014 in an attempt to reach an agreement as to the redemption of the Property.

An Omnibus Calendar Assignment Form assigning plaintiff's "Motion for Entry of Default and Final Decree" for a hearing was filed on October 31, 2014.[1] On November 10, 2014, Mr. Conley filed a "Motion for Decree Pro Confesso,"[2] which, if granted, would have resulted in a general default being recorded as to the Bank. Thereafter, on November 11, 2014, counsel for the Bank filed an entry of appearance as well as its "Response to Petition to

---

[1] Although the record indicates that plaintiff's "Motion for Entry of Default and Final Decree" was filed and, ultimately, the judgment in this case referenced that motion, there is no copy of the motion in the record.

[2] The most recent edition of Black's Law Dictionary indicates that the arcane term "<u>pro confesso</u>" is derived from Roman law and defines the term as meaning "having confessed or admitted liability, as by failing to appear when required." Black's Law Dictionary 1400 (10th ed. 2014).

Foreclose Tax Lien," in which the Bank requested that the court "permit redemption" in an amount to be determined by the court.[3]

On November 12, 2014, a Motion to File a Late Answer was filed on behalf of the Bank. On that same date, a brief hearing was held on plaintiff's "Motion for Entry of Default and Final Decree," at the conclusion of which the trial justice continued the hearing until December 3. On the latter date, a hearing was held on plaintiff's "Motion for Entry of Default and Final Decree" and "Motion for Decree Pro Confesso" as well as on the Bank's Motion to File a Late Answer and its "Response to Petition to Foreclose Tax Lien," which contained an offer to redeem upon terms to be fixed by the court.

The trial justice rendered a bench decision on December 10, 2014. In the course of recounting the background facts, the trial justice asked counsel for the Bank the following question regarding the Bank's failure to have responded to the Petition within the time frame indicated therein: "What's the explanation for the documents not being forwarded in a timely manner?" Counsel for the Bank responded: "Your Honor, I apologize for not having an explanation for why they were inadvertently misplaced." In his bench decision, the trial justice ultimately concluded that, pursuant to § 44-9-29,[4] the court was not barred "from exercising its discretion to permit a party to file an answer out of time." He further stated as follows in

---

[3]   The record states that the documents referenced in the text were filed on November 11, 2014, although we note that that day was a holiday.

[4]   General Laws 1956 § 44-9-29 provides in pertinent part as follows:

> "Any person claiming an interest, on or before the return day or within that further time as may on motion be allowed by the court, shall, if he or she decides to redeem, file an answer setting forth his or her right in the land, and an offer to redeem upon the terms as may be fixed by the court."

reference to plaintiff's "Motion for Entry of Default and Final Decree:" "Under the particularized circumstances of this case, the [c]ourt [could not], in its judgment, grant plaintiff [a] drastic remedy." Additionally, the trial justice granted the Bank's Motion to File a Late Answer as well as the Bank's request for redemption. The trial justice continued the case for one week so that the parties could "attempt to resolve the cost of redemption due to plaintiff." On December 17, 2014, the parties appeared before the trial justice and stated that they had come to an agreement that the amount of redemption would be $8,230.31.

A judgment entered on January 21, 2015 providing that: (1) plaintiff's "Motion for Entry of Default and Final Decree" was denied; (2) the Bank's Motion to File a Late Answer and request to redeem the property were granted; and (3) the amount to be paid by the Bank to redeem the property was set at $8,230.31. The plaintiff filed a timely appeal.

## II

### Issues on Appeal

Mr. Conley contends on appeal that the Superior Court erred: (1) in allowing the Bank to file an untimely answer; and (2) in allowing the Bank to redeem the Property.

## III

### Standard of Review

It is a basic principal that we review matters of statutory construction in a de novo fashion. Shine v. Moreau, 119 A.3d 1, 9 (R.I. 2015). And it is similarly well established that, "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Id. (internal quotation marks omitted); see Kayak Centre at Wickford Cove, LLC v. Town of Narragansett, 116 A.3d 250, 253 (R.I. 2015); Sindelar v. Leguia, 750 A.2d 967, 970 (R.I. 2000). We have also

stated that only when a statute is ambiguous will we "apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." State v. Diamante, 83 A.3d 546, 548 (R.I. 2014) (internal quotation marks omitted).

## IV

## Analysis

In Rhode Island, "an owner's right to redeem property after a tax sale is governed by chapter 9 of title 44 [of the General Laws]." Johnson v. QBAR Associates, 78 A.3d 48, 52 (R.I. 2013). Within one year following a tax sale, "a person holding an interest in the property has an absolute right to redeem the property by paying the purchase price to the buyer at the tax sale or the holder of the tax deed, along with any accumulated fees, taxes, and penalties." Id.; see § 44-9-21. If, within a year of the tax sale, the property has not been redeemed, "the purchaser at the tax sale may file a petition in Superior Court to foreclose upon any interested party's right of redemption." Izzo v. Victor Realty, 132 A.3d 680, 685 (R.I. 2016) (internal quotation marks omitted); see § 44-9-25(a). The purchaser is then required to "send notice to all interested parties, including the mortgagee." Izzo, 132 A.3d at 685; see § 44-9-27. Once notice of the petition has been provided, "any interested party may redeem the property by filing an answer to the petition along with an offer to redeem on or before the specified return day, which may be fixed no sooner than twenty days after the issuance of the notice." Johnson, 78 A.3d at 52; see § 44-9-29. However, if an "interested party fails to do so, a decree shall be entered which shall forever bar all rights of redemption." Izzo, 132 A.3d at 685 (internal quotation marks omitted); see § 44-9-30.

## A

## The Bank's Motion to File a Late Answer

The first issue with which we are confronted is whether the trial justice had the discretionary authority to grant the Bank's Motion to File a Late Answer in spite of the fact that said motion was not filed on or before the twentieth day after receipt of the Petition (viz., October 28, 2014).

Assuming without deciding that a motion to file a late answer could be entertained by the court after the return date, such a motion would have been unavailing in the instant case—due to the fact that, as expressly indicated by counsel for the Bank at the hearing on December 10, 2014, he had no "explanation for why [the documents] were inadvertently misplaced."[5] See Albertson v. Leca, 447 A.2d 383, 386 n.2 (R.I. 1982) (noting that the defendants had not asserted "any extenuating circumstance for their failure to file within the statutory time limit" both their specifications of title defects and motion for extension of time as a factor in determining whether the defendants had waived their right to challenge the validity of a tax title). In view of the fact that no good cause was shown for the Bank's failure to comply with the deadline set out in the Petition, the Bank's Motion to File a Late Answer should have been denied. See id.; see also Karayiannis v. Ibobokiwe, 839 A.2d 492, 496 (R.I. 2003).

## B

## The Bank's Redemption of the Property

The plaintiff contends that the trial justice erred in allowing the Bank to redeem the Property. He also contends that the Bank was already "in default" before the initial hearing on

---

[5] It will be recalled that counsel for the Bank made the quoted statement in response to the following inquiry by the trial justice: "What's the explanation for the documents not being forwarded in a timely manner?"

November 12, 2014 because the Bank did not file its Motion to File a Late Answer until after the return date set out in the Petition.

Given the fact that, as explained above, the Bank's Motion to File a Late Answer should have been denied, the Bank was in default under § 44-9-29 because of its failure to file an answer setting forth its right to the Property on or before the return date provided for in the Petition. See generally Karayiannis, 839 A.2d at 496 (stating that the defendant was in default because she failed to take any steps to redeem the property on or before the return date). Section 44-9-30 provides that, if an interested party fails to file an answer along with an offer to redeem on or before the specified return day, "a decree shall be entered which shall forever bar all rights of redemption." See Izzo, 132 A.3d at 685. Accordingly, the Bank should not have been permitted to redeem the Property, and a decree should have been entered barring the Bank's right of redemption.

## V

## Conclusion

For the reasons stated in this opinion, we vacate the judgment of the Superior Court. We remand the record to that tribunal for entry of judgment in accordance with this opinion.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Patrick T. Conley v. Paul Fontaine, et al.

**CASE NO:**      No. 2015-48-Appeal.
(PM 14-4830)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  May 9, 2016

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

      Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

      For Plaintiff:   Patrick T. Conley, Esq.

      For Defendants:  Samuel C. Bodurtha, Esq.