**Supreme Court**

No. 2012-255-Appeal.
(PM 11-6455)

Jeanne E. Johnson          :

v.          :

QBAR Associates.          :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jeanne E. Johnson         :

v.             :

QBAR Associates.        :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 1, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Jeanne E. Johnson (plaintiff or Johnson), appeals from a grant of summary judgment in favor of the defendant, QBAR Associates (defendant or QBAR) in this action seeking to vacate a final decree foreclosing her right to redeem property after a tax sale.  Having the benefit of the arguments of counsel and having carefully examined the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

On April 20, 2005, Johnson acquired a condominium unit, identified as unit 1938 located at 50 Abbott Run Valley Road in the Town of Cumberland (the property).  On June 29, 2009, QBAR purchased the property at a tax sale, occasioned by the nonpayment of taxes assessed by the North Cumberland Fire District.  The tax collector's deed to the property was executed on August 19, 2009, and defendant recorded the deed in the land evidence records in Cumberland on August 21, 2009.

On July 9, 2010—over a year after the tax sale—defendant filed a petition in Superior Court seeking to foreclose plaintiff's right of redemption. On July 12, 2010—in accordance with G.L. 1956 § 44-9-32—defendant recorded, in the land evidence records for the Town of Cumberland, a notice that the petition had been filed in the Superior Court. The defendant later recorded a second notice—entitled "notice of filing of amended petition"—in the land evidence records on August 16, 2010, reflecting that an amended petition seeking to foreclose the right of redemption on the property had been filed with the Superior Court on August 12, 2010.[1] The record reflects that plaintiff filed an answer to the petition on September 28, 2010, and counsel entered an appearance on plaintiff's behalf on May 10, 2011.

On April 15, 2011, a default was entered against all defendants in the action except "the Guardian Ad Litem, [the] Attorney representing persons in military service, [and] Jeanne E. Johnson." A hearing date for entry of final decree was set for April 26, 2011; however, the case was continued on numerous occasions—apparently at plaintiff's request—until August 16, 2011, when counsel for defendant appeared before a Superior Court justice and requested that an order enter foreclosing plaintiff's right of redemption. Neither plaintiff nor her attorney appeared at this hearing; defendant's attorney stated that plaintiff had been personally served and that an attorney had entered an appearance on plaintiff's behalf. The defendant also indicated that plaintiff had requested seven continuances, in an attempt to reach a resolution. Despite these efforts, however, defendant's attorney stated that he had learned from plaintiff's attorney that Johnson did not intend to redeem the property.[2] The Superior Court justice granted defendant's

---

[1] Unlike the first notice, the notice of filing of amended petition also named—in addition to Johnson—mortgagees who had an interest in the property.

[2] Counsel for defendant also indicated that he had called plaintiff's attorney on the Friday, Saturday, and Monday morning prior to the hearing, with no response.

motion and a final decree was entered, thereby foreclosing plaintiff's right of redemption and vesting legal title to the property in defendant. A notice of the final disposition was entered and later filed in the Cumberland land evidence records on August 18, 2011, in accordance with § 44-9-32.

On November 9, 2011, plaintiff filed this action, seeking to vacate the final decree that foreclosed her right of redemption. Count 1 of plaintiff's complaint alleged that—at the time the final decree was entered—Johnson had not been defaulted, nor had she had "her day in court," and had therefore been denied due process of law. Count 2 of plaintiff's complaint alleged that the initial and amended petitions to foreclose upon the right of redemption were "fatally defective" in that they referred to a tax deed from the "Tax Collector of the Town of Cumberland" although the grantor was actually the North Cumberland Fire District, "a separate and distinct corporation." In this count plaintiff also argued that, if she had been given her day in court, she would have presented evidence that QBAR was not a registered legal entity, licensed to do business in the state, and therefore not capable of holding title to property or seeking to foreclose plaintiff's right of redemption. The plaintiff also argued that the decree should be vacated because the previous owner of the property did not receive notice of the petition to foreclose.[3]

Shortly after the action was filed, defendant moved for summary judgment on all counts of plaintiff's complaint, and this motion was taken up by a justice of the Superior Court on May 15, 2012. The defendant argued that pursuant to § 44-9-24—the statute governing independent actions to vacate an entry of a decree foreclosing upon the right of redemption—a validly entered

---

[3] The plaintiff also sought temporary injunctive relief in count 3 of the complaint; namely, enjoining QBAR from proceeding with a separate trespass-and-eviction action seeking to remove plaintiff from the property.

foreclosure decree may be vacated on two discrete grounds only; namely, for lack of notice of the petition to foreclose, or because no taxes were due and owing on the property at the time of the tax sale. The defendant claimed it was entitled to summary judgment because it was undisputed that plaintiff had received actual notice of the action and that plaintiff owed the taxes at the time of the tax sale.

In response, counsel for plaintiff argued that notice of the foreclosure petition was inadequate because it recited that the property was sold at tax sale by the tax collector of the Town of Cumberland, rather than the North Cumberland Fire District. The plaintiff also argued that final judgment was improper because plaintiff had not been defaulted in accordance with Rule 55 of the Superior Court Rules of Civil Procedure. The plaintiff also argued that the tax sale was flawed, claiming that QBAR was not a legal entity at the time the property was purchased, and that therefore it was legally incapable of purchasing the property or filing the petition to foreclose upon the right of redemption.[4]

After hearing the arguments of the parties, the trial justice rendered a bench decision granting defendant's motion for summary judgment. The trial justice determined that § 44-9-24 allowed for a final decree to be vacated only when a party did not receive notice of the petition to foreclose or because no taxes were owed. She therefore determined that count 1 of plaintiff's complaint did not allege either of these two bases, nor was it necessary for a default to enter against plaintiff prior to the issuance of a final decree. As to count 2, the trial justice concluded that plaintiff could not establish a lack of notice of the filing of the petition because she personally was served with a citation specifying that the tax sale was a consequence of taxes

---

[4] Although the Superior Court docket sheet reflects that plaintiff filed a memorandum in opposition to defendant's motion for summary judgment, this memorandum is not contained in the lower-court file.

owed to the North Cumberland Fire District. As to the remaining arguments, the trial justice concluded that there existed no disputed issues of material fact which implicated either of the permissible grounds pursuant to which a final decree could be vacated under § 44-9-24.[5] After the defendant's motion for summary judgment was granted, plaintiff filed a timely appeal to this Court.

## Standard of Review

It is well established that this Court "reviews a grant of summary judgment <u>de novo</u>." <u>Sullo v. Greenberg</u>, 68 A.3d 404, 406 (R.I. 2013) (quoting <u>Sacco v. Cranston School Department</u>, 53 A.3d 147, 149-50 (R.I. 2012)). Using the same standards employed by the trial justice who passed on the motion for summary judgment, "'we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law,' we will affirm the judgment." <u>Id.</u> at 406-07 (quoting <u>Sacco</u>, 53 A.3d at 150). However, we also recognize that a party opposing a summary judgment motion has "an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." <u>Providence Journal Co. v. Convention Center Authority</u>, 774 A.2d 40, 46 (R.I. 2001) (quoting <u>Bourg v. Bristol Boat Co.</u>, 705 A.2d 969, 971 (R.I. 1998)).

It is similarly well settled that this Court "reviews questions of statutory construction <u>de novo</u>." <u>Mortgage Electronic Registration Systems, Inc. v. DePina</u>, 63 A.3d 871, 875 (R.I. 2013) (citing <u>Mendes v. Factor</u>, 41 A.3d 994, 1002 (R.I. 2012)). "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of

---

[5] In ruling on the motion for summary judgment, the Superior Court justice did not address count 3 of plaintiff's complaint—seeking injunctive relief—and noted that this count had been decided at a prior hearing where such relief was denied.

the statute their plain and ordinary meanings." State v. Hazard, 68 A.3d 479, 485 (R.I. 2013) (quoting Alessi v. Bowen Court Condominium, 44 A.3d 736, 740 (R.I. 2012)).  Thus, "our ultimate goal is to give effect to the purpose of the act as intended by the Legislature."  Id.  In doing so, "this Court will not broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute."  Iselin v. Retirement Board of Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1049-50 (R.I. 2008) (quoting State v. Santos, 870 A.2d 1029, 1032 (R.I. 2005)).

## Discussion

On appeal to this Court, plaintiff contends that both the initial and amended notices of the petition to foreclose were inadequate under the provisions of § 44-9-24,[6] because the notices referred to a tax sale and tax deed from the tax collector of the Town of Cumberland, and not the North Cumberland Fire District.  The plaintiff also argues that a final decree forever barring her right of redemption could not have been entered without a default having entered against her.  The plaintiff accordingly maintains that genuine issues of material fact exist and that the Superior Court justice therefore erred in granting defendant's motion for summary judgment.

In Rhode Island, an owner's right to redeem property after a tax sale is governed by chapter 9 of title 44.  Initially, within one year following a tax sale, a person holding an interest in the property has an absolute right to redeem the property by paying the purchase price to the buyer at the tax sale or the holder of the tax deed, along with any accumulated fees, taxes, and penalties.  See DePina, 63 A.3d at 876; see also § 44-9-21.  If the property has not been

---

[6] In pertinent part, G.L. 1956 § 44-9-24 states:

> "the action to vacate shall only be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes."

redeemed within that year, the purchaser at the tax sale may file a petition to foreclose upon any interested party's right of redemption. DePina, 63 A.3d at 876; see also § 44-9-25(a). In order to do so, the purchaser is required to send notice of the foreclosure petition to all interested parties, including mortgagees of record. Section 44-9-27. Once notice of the petition is effectuated, any interested party may redeem the property by filing an answer to the petition along with an offer to redeem on or before the specified return day, which may be fixed no sooner than twenty days after the issuance of the notice. See §§ 44-9-27(a), 44-9-28 and 44-9-29. An interested party who wishes to contest the validity of the tax sale or the tax title must do so at the foreclosure hearing, "or else be forever barred from contesting or raising the question in any other proceeding." Section 44-9-31. However, even when challenged—whether during or after redemption foreclosure proceedings—a tax sale or title may not be held to be invalid "by reason of any error or irregularity which is neither substantial nor misleading." Section 44-9-35. If an interested party fails to comply with the procedure specified in chapter 9 of title 44, or to redeem within the allotted timeframe, "a decree shall be entered which shall forever bar all rights of redemption." Kildeer Realty v. Brewster Realty Corp., 826 A.2d 961, 966 (R.I. 2003) (quoting § 44-9-30).

This Court previously has acknowledged that "[a] tax sale foreclosure proceeding 'is a unique procedure created by statute for a limited purpose[:] to provide a forum for the exercise of the right to redeem the subject land.'" Rafaelian v. Perfecto Iron Works, Inc., 68 A.3d 57, 59 (R.I. 2013) (quoting ABAR Associates v. Luna, 870 A.2d 990, 994 (R.I. 2005)). When confronted with issues arising from such a proceeding, we are cognizant that, "because of a property owner's disproportionate loss, '[l]egislatures and courts have acted to ameliorate the severity of tax forfeitures.'" Medeiros v. Bankers Trust Co., 38 A.3d 1112, 1117 (R.I. 2012)

(quoting <u>ABAR</u>, 870 A.2d at 994). Nonetheless, we have recognized that "the Rhode Island tax statute 'strikes a fair balance between the interests of the government and private property rights—the state [or taxing authority] may move quickly to obtain by sale the taxes due, but the owner has ample opportunity to redeem his real estate.'" <u>Id.</u> at 1117-18 (quoting <u>ABAR</u>, 870 A.2d at 994). This is because "one of the goals of the tax sale statute is to 'afford a measure of stability to tax titles.'" <u>Id.</u> at 1118 (quoting <u>ABAR</u>, 870 A.2d at 994). Accordingly, because the foreclosure of the right of redemption "is a statutory proceeding and not an ordinary civil action, the jurisdiction of the Superior Court is sharply circumscribed."[7] <u>ABAR</u>, 870 A.2d at 994 (citing <u>Pratt v. Woolley</u>, 117 R.I. 154, 157, 365 A.2d 424, 426 (1976)). It is through this lens that we analyze plaintiff's arguments on appeal.

Our interpretation of chapter 9 of title 44 of the General Laws is of primary importance to the present appeal. Pursuant to § 44-9-24,

> "The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the [S]uperior [C]ourt * * *. Notwithstanding the rules of civil procedure * * * no decree shall be vacated except in a separate action instituted within one year following entry of the decree * * *. Furthermore, the action to vacate shall <u>only</u> be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes." (Emphasis added.)

It is undisputed that plaintiff properly filed a separate action to vacate the decree foreclosing her right to redeem the property and therefore is limited to the grounds set forth in § 44-9-24 in seeking to vacate the decree. Because plaintiff does not dispute that the taxes for

---

[7] It is also worth noting that tax sale foreclosure proceedings are specifically exempted from the operation of the Rules of Civil Procedure by Rule 81(a)(2) of the Superior Court Rules of Civil Procedure, which provides: "These rules do not apply to the following proceedings: * * * Petitions for foreclosure of redemption of interests in land sold for nonpayment of taxes * * *."

which the property was sold were due and owing, she bases her argument upon the "inadequacy of notice of the petition amounting to a denial of due process." Section 44-9-24. However, while the record reflects that both the initial and amended notices incorrectly referenced the tax collector of the Town of Cumberland, plaintiff does not contest that she received actual notice of the petition. In fact, plaintiff was personally served with a citation that correctly referenced a tax sale and tax deed by the North Cumberland Fire District. The plaintiff retained an attorney, filed an answer, and had the benefit of several continuances before entry of the final decree. Accordingly, in this case there is no suggestion in the record that plaintiff was deprived of due process or that the irregularity complained of within the petition was substantial or misleading. See DePina, 63 A.3d at 881 (error must be substantial or misleading to invalidate tax title); see also § 44-9-35.

Turning to plaintiff's next argument, that a final decree could not have entered without a default having first entered against her, § 44-9-30 clearly states that

> "If a default is entered under § 44-9-28, or if redemption is not made within the time and upon the terms fixed by the court under § 44-9-29, or if at the time fixed for the hearing the person claiming the right to redeem does not appear to urge his or her claim, or if upon hearing the court determines that the facts shown do not entitle the person to redeem, a decree shall be entered which shall forever bar all rights of redemption." (Emphases added.)

Accordingly, the explicit language of § 44-9-30 clearly provides that a default is not a prerequisite to the entry of a final decree foreclosing the right of redemption. Indeed, the record reflects that a default could not have entered against plaintiff because she answered the petition. The fact that plaintiff had filed an answer and was represented by counsel was disclosed to the Superior Court justice who entered the final decree; thus, there is no indication that the final decree foreclosing plaintiff's right to redemption was entered in error. However, whether or not a default was entered is irrelevant to our resolution of this case, because—after filing a separate

- 9 -

action to vacate the final decree foreclosing on her right to redemption—plaintiff may challenge the entry of that final decree only on the grounds enunciated in § 44-9-24.

We note that the plaintiff also sets forth a number of arguments on appeal that were not argued in the Superior Court. First, the plaintiff claims the term "inadequacy of notice" found in § 44-9-24 is unconstitutionally vague and therefore violative of the Fourteenth Amendment Due Process Clause. In a similar vein, the plaintiff argues that allowing a final decree foreclosing upon the right of redemption to be vacated only for inadequacy of notice is unconstitutionally restrictive, because a denial of due process may occur at any stage of litigation.[8] Finally, the plaintiff argues that the tax deed itself was compromised because QBAR did not disclose on the tax sale deed its legal status. We decline to address these arguments based on our well-settled raise-or-waive rule.[9] See Pollard v. Acer Group, 870 A.2d 429, 432 (R.I. 2005) (argument that the statutory scheme controlling foreclosure of the right of redemption is unconstitutional barred by the raise-or-waive rule).

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record in this case may be remanded to the Superior Court.

---

[8] The plaintiff also argues that, according to the notice of disposal filed in the land evidence records, the final decree was issued "based upon the Affidavit filed in this matter," when no affidavit was in fact filed, thus amounting to a denial of due process. We deem this unavailing.

[9] We pause to note that there is no indication that, in accordance with Rule 24(d) of the Superior Court Rules of Civil Procedure, plaintiff served the Attorney General with notice of the constitutional challenges to § 44-9-24.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Jeanne E. Johnson v. QBAR Associates.

**CASE NO:**   No. 2012-255-Appeal.
(PM 11-6455)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   October 29, 2013

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Joel Robinson, Esq.

For Defendant:  Patrick T. Conley, Esq.