June 29, 2022

**Supreme Court**

No. 2021-57-Appeal.
(PM 17-4023)

Concurrence begins on
page 9

Betilio Suncar                    :

v.                    :

Jordan Realty et al.              :

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

Betilio Suncar            :

v.                        :

Jordan Realty et al.      :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Betilio Suncar, appeals following the Providence County Superior Court's entry of final judgment in favor of the defendants, Jordan Realty and Smart Homes, LLC (collectively defendants). On appeal, Mr. Suncar contends that the hearing justice erred in granting summary judgment in favor of the defendants.  He argues that his due process rights were violated when Jordan Realty failed to include a Language Assistance Notice with its Petition to Foreclose Right of Redemption relative to a specific parcel of real estate in Central Falls, Rhode Island.  This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After carefully examining the record and the

- 1 -

parties' arguments (both written and oral), we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

This appeal arises out of a dispute involving a specific parcel of real estate in Central Falls, Rhode Island (the Property), in which Mr. Suncar previously had an ownership interest. On November 18, 2015, Jordan Realty obtained a collector's deed pursuant to a tax sale conducted by the Pawtucket Water Supply Board. On November 21, 2016, after the expiration of the one-year waiting period prescribed by statute, Jordan Realty filed a Petition to Foreclose Right of Redemption (the Petition) in the Superior Court with respect to the Property.

Thereafter, service of notice of the Petition was made by certified mail upon all parties who were found by the court-appointed Title Examiner to have an interest in the Property, including Mr. Suncar.[1] Service was also made by Constable David Bruno on a family member of suitable age and discretion at Mr. Suncar's residence.

---

[1] Service of notice of the Petition upon Mr. Suncar was effectuated by certified mail addressed to Mr. Suncar in care of his spouse, Wanda Berrios, who was also a party to the action in her own right.

Specifically, Constable Bruno stated in his affidavit of service that, on April 13, 2017, he "served a paper to Betilio Suncar by leaving the papers with his stepson Martin," who resided at the dwelling of Mr. Suncar. Constable Bruno also stated in his affidavit that, on that same day, he engaged in a telephone conversation with Mr. Suncar, during which Mr. Suncar confirmed his address and stated that "he understood what the citation was about * * *."

On May 12, 2017, in light of the fact that neither an answer nor an offer of redemption had been filed, a final decree entered in the Superior Court foreclosing all rights of redemption under the tax sale deed that conveyed the Property to Jordan Realty.[2]

On August 25, 2017, Mr. Suncar filed a complaint in the Superior Court, in which he contended that the "purported service" made upon him was "defective" due to the fact that Jordan Realty had not caused to be served upon him a Language Assistance Notice[3] as he contended was required by Rule 4 of the Superior Court Rules of Civil Procedure; by Rhode Island Supreme Court Executive Order 2012-05 (the Executive Order); and by a Voluntary Resolution Agreement executed on April

---

[2]    Thereafter, on June 6, 2017, Jordan Realty conveyed all of its interest in the Property by quitclaim deed to Smart Homes, LLC.

[3]    It is undisputed that at no relevant time was Mr. Suncar served with a Language Assistance Notice.

9, 2014 between the Rhode Island Judiciary and the United States Department of Justice (the Voluntary Resolution Agreement). Mr. Suncar further contended that service of the Petition "without the required Language Assistance Notice * * * also deprived [him] of adequate notice of the petition, thereby denying him due process of law * * *." Accordingly, Mr. Suncar sought to vacate the final decree of the Superior Court.[4]

On February 21, 2020, defendants filed a motion for summary judgment,[5] asserting that the absence of a Language Assistance Notice when notice of the Petition was served did not invalidate the final decree foreclosing all rights of redemption under the tax sale deed. Specifically, Jordan Realty contended that "the language assistance notice is only applicable under Rule 4" and that said rule "do[es] not apply to tax foreclosure actions." In response, Mr. Suncar contended that, regardless of the applicability *vel non* of Rule 4, Jordan Realty was required to serve Mr. Suncar with a Language Assistance Notice pursuant to the Executive Order (which emanated from discussions preceding the entry of the Voluntary Resolution

---

[4]    Mr. Suncar also sought both a judgment declaring that "he still has the right of redemption" and a mandatory injunction voiding the conveyance of the Property from Jordan Realty to Smart Homes, LLC.

[5]    Because defendants' "Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment" relied on documents outside of the pleadings, it was treated by both Mr. Suncar and the hearing justice as a motion for summary judgment; and we shall do likewise.

- 4 -

Agreement), and he further contended that the failure to serve him with the Language Assistance Notice was a denial of due process.

A hearing on the motion for summary judgment was held on November 30, 2020, and the hearing justice rendered a bench decision on the same day. He began by noting that there was "no dispute that [Mr. Suncar] received notice of the petition by delivery of the citation to his residence * * * and by [the Constable's] leaving a copy of the citation with a person of suitable age and discretion." The hearing justice further noted that Mr. Suncar "did not dispute that he talked to [Constable] Bruno, [and] did not dispute that his son received the notice." As such, the hearing justice found that defendants had "clearly complied" with the notice requirements set forth in the tax sale statute and that, therefore, "Plaintiff's notice argument fails as a matter of law."

The hearing justice next addressed the issue of the Language Assistance Notice, holding that, pursuant to Rule 81(a)(2)(B) of the Superior Court Rules of Civil Procedure as well as this Court's precedent,[6] Rule 4 was not applicable to tax foreclosure proceedings. He further noted that G.L. 1956 § 44-9-27 (which governs the requisite notice to be provided in tax foreclosure proceedings) did not "require the inclusion of a Language Assistance Notice with the citation."

---

[6]     *See Johnson v. QBAR Associates*, 78 A.3d 48, 53 n.7 (R.I. 2013).

Turning to the issue of the Voluntary Resolution Agreement, the hearing justice ruled that it was of no assistance to Mr. Suncar since it had expired by its own terms in 2016. The hearing justice further held that the Executive Order, by its own express language, did not provide the Superior Court "with any authority to vacate the judgment of foreclosure of rights of redemption * * *." Accordingly, the hearing justice granted summary judgment in favor of Jordan Realty. Final judgment entered on January 15, 2021, and Mr. Suncar filed a timely notice of appeal.

## II

### Standard of Review

This Court reviews the grant of a motion for summary judgment in a *de novo* manner. *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 391 (R.I. 2008). In doing so, "[w]e apply the same standards used by the [hearing] justice." *DeMaio v. Ciccone*, 59 A.3d 125, 129 (R.I. 2013). And this Court will affirm a trial court's grant of summary judgment "only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (internal quotation marks omitted). In addition, it is well established that "[t]he nonmoving party bears the burden of showing the existence of disputed issues of material fact by competent evidence; it cannot rest on allegations or denials in the

- 6 -

pleadings or on conclusions or legal opinions." *High Steel Structures, Inc. v. Cardi Corp.*, 152 A.3d 429, 433 (R.I. 2017) (internal quotation marks omitted).

### III

### Analysis

On appeal, Mr. Suncar contends that the hearing justice erred in granting summary judgment in favor of defendants, because, in his view, his due process rights were violated when Jordan Realty failed to serve him with a Language Assistance Notice.[7] Accordingly, the only issue before us is whether or not a Language Assistance Notice is required to be included with service of notice of a Petition to Foreclose Right of Redemption. We are not persuaded by this contention.

Neither Rule 4 nor the Voluntary Resolution Agreement nor the Executive Order constitutes a basis for vacating the final judgment in this case. Rule 81(a)(2)(B) of the Superior Court Rules of Civil Procedure clearly states that those rules do not apply to "[p]etitions for foreclosure of redemption of interests in land sold for nonpayment of taxes * * *." As such, the requirement of Rule 4 that a Language Assistance Notice be included with all other required documents for service is not a basis for vacating the final judgment at issue. The Voluntary

---

[7] In his memorandum filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, Mr. Suncar contends that the claim of Smart Homes, LLC that it was a purchaser for value "is unsupported." However, in view of our resolution of this case, we need not reach that issue.

Resolution Agreement is also of no assistance to Mr. Suncar, as it expired by its own terms in 2016, long before the citation notice was sent to him in 2017. Finally, the Executive Order similarly provides no basis upon which the final judgment may be vacated, given that it specifically states: "Nothing herein shall be construed to * * * provide any authority to alter, satisfy or vacate any judgment or order." Executive Order 2012-05 § I(4)(b).

It is our opinion that the failure to include a Language Assistance Notice with service of notice of a Petition to Foreclose Right of Redemption did not amount to a violation of Mr. Suncar's due process rights.

While we have held that none of the authorities cited by Mr. Suncar *require* that the Language Assistance Notice accompany service of notice of a Petition to Foreclose Right of Redemption, it is our unequivocal view that the better practice would be for the Language Assistance Notice to be included whenever such a petition is served. In fact, this Court respectfully suggests that the time is ripe for the General Assembly to consider amending § 44-9-27 to require the inclusion of the Language Assistance Notice with service of notice of a Petition to Foreclose Right of Redemption.

Accordingly, even when viewed in the light most favorable to Mr. Suncar, we are of the opinion that there were no genuine issues of material fact in dispute which

would preclude the grant of summary judgment, and we perceive no error on the part of the hearing justice in granting summary judgment in favor of the defendants.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

**Justice Long, with whom Justice Lynch Prata joins, concurring.** I agree that no genuine issues of material fact are in dispute and that therefore Jordan Realty is entitled to judgment as a matter of law. While mindful of the potential pitfalls of issuing a concurring opinion, I write separately to explain my legal analysis, which differs from that of the majority opinion. Patricia M. Wald, *The Rhetoric of Results and the Results of Rhetoric: Judicial Writings*, 62 U. Chi. L. Rev. 1371, 1413-15 (1995) (describing factors that may motivate a judge to issue a concurrence in light of the risk that "she may be thought to be self-indulgent, single-minded, even childish in her insistence that everything be done her way").

On August 25, 2017, Mr. Suncar filed the underlying complaint pursuant to G.L. 1956 § 44-9-24, which authorizes the Superior Court to vacate a decree foreclosing all rights of redemption under a tax-sale deed "for inadequacy of notice of the petition amounting to a denial of due process[.]" The essence of Mr. Suncar's

claim was not that Jordan Realty's failure to serve the Language Assistance Notice violated Rule 4 of the Superior Court Rules of Civil Procedure, the Voluntary Resolution Agreement, or the Executive Order, but rather that the failure to serve the Language Assistance Notice amounted to a denial of due process. As such, this appeal presents the following issue for analysis: whether the failure to enclose a court-issued Language Assistance Notice with the statutorily required notice of tax-lien-foreclosure proceedings constitutes a denial of due process in the circumstances of this case.

General Laws 1956 § 44-9-27(a) prescribes the notice requirements for tax-lien proceedings and provides, in relevant part, as follows:

> "Upon the filing of a petition, the petitioner shall * * * select * * * a title company or an attorney familiar with the examination of land titles. This company or attorney shall make an examination of the title sufficient only to determine the persons who may be interested in the title, and the *petitioner shall, upon the filing of the examiner's report, notify all persons appearing to be interested * * * of the pendency of the petition, the notice to be sent to each by registered or certified mail and return of receipt required.* In the event that any item mailed by certified mail is returned unopened, the petitioner shall send that notice to the addressee at the same address by first class regular mail, postage prepaid, and also, if the subject property is residential, petition the court for leave to serve the addressee by tacking said notice to the front door of the subject property. Other and further notice by publication or otherwise shall be given as the court may at any time order." (Emphasis added.)

"Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Izzo v. Victor Realty*, 132 A.3d 680, 688 (R.I. 2016) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). However, "[d]ue process does not require that a property owner receive actual notice" of a pending tax foreclosure proceeding. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *see Amy Realty, A RIGP v. Gomes*, 839 A.2d 1232, 1235 (R.I. 2004). Nevertheless, when confronted with a challenge to the adequacy of notice of foreclosure proceedings, courts must recognize that the "notice required will vary with circumstances and conditions." *Jones*, 547 U.S. at 227 (quoting *Walker v. City of Hutchinson*, 352 U.S. 112, 115 (1956)).

In *Jones*, the United States Supreme Court assessed the adequacy of notice of a pending tax sale in circumstances where the government sent notice via certified mail, as required by statute; the government took no additional steps to effectuate service for two years after the letter was returned marked "unclaimed," except to publish notice of sale in a local newspaper. *Jones*, 547 U.S. at 223-24. The Supreme Court rejected the government's reliance on the statutory scheme in concluding that due process required the government to take additional reasonable steps to provide notice. *Id.* at 227, 230. The Supreme Court acknowledged that it has occasionally required consideration of "unique information about an intended recipient regardless

- 11 -

of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case[,]" *id.* at 230, and further clarified that *Mullane* compels a nuanced analysis of the efforts undertaken by the foreclosing party to determine whether those efforts are intended to actually inform the recipient about the pending matter. *Id.* at 238 ("*Mullane* * * * directs that 'when notice is a person's due * * * the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'") (brackets omitted) (quoting *Mullane*, 339 U.S. at 315).

It is not for this Court to rewrite the statutory scheme governing the notice requirements for tax-lien proceedings in Rhode Island. However, I believe that when courts are faced with a challenge to the notice provided in a tax-lien proceeding, the court's determination of what process is due requires consideration of the circumstances and conditions present and whether the efforts made were reasonably certain to inform an intended recipient of a pending matter. *See Jones*, 547 U.S. at 230, 238.

Indeed, at the time Jordan Realty filed the petition concerning the property in Central Falls, estimates from an American Community Survey dataset indicated that, on average, 8.7 percent of Rhode Islanders five years of age and older identified as speaking English "less than very well." *See* Rhode Island Statewide Planning Program Census Data Bulletin, *Population Focus: Environmental Justice and Title*

- 12 -

*VI Populations in Rhode Island*, at 1 (August 2015)[1]; *see also* Federal Coordination and Compliance Section, Civil Rights Division, United States Department of Justice, *United States National Limited English Proficient (LEP) Population Maps— Percentage by State* (2015).[2]

The Language Access Plan in effect, prepared by the Rhode Island Judiciary Administrative Office of State Courts (AOSC), identified Spanish, Portuguese, and Cape Verdean as the most commonly used non-English languages spoken in the Rhode Island courts; and the Office of Court Interpreters within the AOSC had created and made available a standard form Language Assistance Notice. Rhode Island Judiciary, Administrative Office of State Courts, *Language Access Plan*, at 2-4, App. B. (effective April 1, 2014).[3] Moreover, effective November 5, 2014, Rule 4(b) of the Superior Court Rules of Civil Procedure required attorneys and self-represented litigants in all civil matters other than those exempted under Rule 81 of the Superior Court Rules of Civil Procedure to "deliver to the person who is to make service the * * * Language Assistance Notice," together with the summons and complaint, thus making routine the use of the Language Assistance Notice.

---

[1] The August 2015 Statewide Planning Program Census Data Bulletin was accessed on June 27, 2022, at www.planning.ri.gov/documents/census/bulletin/August2015_Census_Bulletin1.pdf.

[2] The 2015 National LEP Population Map was accessed on June 27, 2022, at www.lep.gov/sites/lep/files/resources/US_state_LEP_pct.ACS_5yr.2015.pdf.

[3] The Language Access Plan, effective April 1, 2014, was accessed on June 27, 2022, at https://www.lep.gov/sites/lep/files/resources/RI_Language_Access_Plan.pdf.

Under such circumstances and conditions, and in light of Mr. Suncar's status as an individual with limited English proficiency (LEP), I believe that the failure to enclose the Language Assistance Notice with the statutorily required certified mailing may not have been reasonably certain to inform him of the pending matter. *See Meyer v. Nebraska*, 262 U.S. 390, 401 (1923) ("The protection of the Constitution extends to all, to those who speak other languages as well as to those born with English on the tongue.").

The undisputed facts in the record do not present those circumstances and conditions, however. In my view, it is significant that the undisputed facts in the record of this case reveal that Jordan Realty did not rely solely on the statutory scheme to effectuate service on Mr. Suncar. The record demonstrates that counsel for Jordan Realty hired Constable Bruno, who went to Mr. Suncar's known residential address and delivered notice to Mr. Suncar's teenaged stepson, who identified himself by name. Therefore, notwithstanding Mr. Suncar's status as an individual with LEP and the absence of a court-issued Language Assistance Notice accompanying the notice, Jordan Realty's attempt to serve Mr. Suncar with the citation in hand was reasonably certain to inform Mr. Suncar of the pending tax-lien proceeding. For this reason, I concur with the opinion of the majority of the Court that no genuine issues of material fact are in dispute and that therefore Jordan Realty is entitled to judgment as a matter of law.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Betilio Suncar v. Jordan Realty et al. |
| **Case Number** | No. 2021-57-Appeal.<br>(PM 17-4023) |
| **Date Opinion Filed** | June 29, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas M. Dickinson, Esq. |
| | For Defendants:<br><br>Douglas H. Smith, Esq. |

SU-CMS-02A (revised June 2020)