March 17, 2023

**Supreme Court**

No. 2020-245-Appeal.
No. 2021-83-Appeal.
(PM 19-5838)

Westconnaug Recovery Company,     :
          LLC

               v.                 :

U.S. Bank National Association as :
  Trustee for ARMT 2007-2, et al.

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone 222-3258 or Email
opinionanalyst@courts.ri.gov  of  any  typographical  or
other formal errors in order that corrections may be made
before the opinion is published.

Supreme Court

No. 2020-245-Appeal.
No. 2021-83-Appeal.
(PM 19-5838)

(Dissent begins on Page 9)

Westconnaug Recovery Company,   :
LLC

v.         :

U.S. Bank National Association as   :
Trustee for ARMT 2007-2, et al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  The appeals in these two consolidated

cases came before the Supreme Court on September 29, 2022, pursuant to an order

directing the parties to show cause why the issues raised in these appeals should not

be decided without further briefing and argument.  The petitioner, Westconnaug

Recovery Company, LLC (petitioner), appeals from a final judgment granting the

respondent, U.S. Bank National Association as Trustee for ARMT 2007-2

(respondent),  the right to redeem its real property in a tax-sale action and from an

order granting the respondent's motion to adjudge the petitioner in contempt.  After

considering the parties' written and oral submissions and reviewing the record, we

are satisfied that cause has not been shown and that the appeals may be decided at

- 1 -

this time. For the reasons set forth herein, both the final judgment granting the right of redemption and the order of contempt are vacated.

## Facts and Travel

The respondent purchased the property located at 14 Maxcy Drive in Providence, Rhode Island, in 2009 for $733,500 (the Property). The Property was sold at a tax sale by the city of Providence (the City) on May 10, 2018.[1] Thereafter, petitioner filed a petition to foreclose respondent's right of redemption in the Superior Court. The petitioner then filed an amended petition. Under the citation issued on June 7, 2019, respondent was required to file an answer "on or before the twentieth (20th) day following the receipt of this citation * * * ." The respondent filed an answer to petitioner's amended petition on June 27, 2019. In its answer, respondent challenged the validity of title, contending that respondent did not receive proper notice of the statutory tax sale or the instant action. Further, respondent denied that it "owed any outstanding taxes on the Property." The respondent's answer did not contain an offer to redeem the Property.

On October 4, 2019, petitioner filed a motion for entry of a final decree foreclosing respondent's right of redemption. The petitioner asserted in its memorandum that respondent's answer was deficient because it failed to include an offer to redeem the Property prior to the return date and, thus, respondent was not

---

[1] The City is a named respondent; however, it is not a party on appeal.

entitled to redeem the Property. The respondent filed an objection to petitioner's motion for entry of a final decree, as well as a motion to amend its answer to include an offer to redeem, and a motion for leave to conduct discovery. The hearing justice determined that respondent had filed a timely answer, granted respondent's motion to amend, and denied petitioner's motion for entry of a final decree. The hearing justice found that respondent had shown good cause for amending its answer, after filing a timely answer contesting the validity of the tax sale, citing to the strict statutory process of tax sales and stating that *Conley v. Fontaine*, 138 A.3d 756 (R.I. 2016), "leaves open the question of filing * * * a late answer by a defaulted [respondent] where good cause is shown * * * ."

The respondent filed a motion to set a redemption figure in July 2020, over a year after the answer was filed. The petitioner objected to respondent's motion and filed a renewed motion for entry of a final decree, arguing in its memorandum that any offer to redeem must have been included in the answer prior to the fixed return date pursuant to G.L. 1956 § 44-9-29. The respondent stated that discovery with the City revealed that the certified mailings to respondent for the tax sale were returned as undeliverable. According to respondent, rather than continuing to challenge the validity of the title, it was willing to redeem the Property for $65,000. The hearing justice again denied petitioner's motion for a final decree and entered an order and

judgment setting the redemption amount at $65,000, to be paid by September 15, 2020.

The order further provided that, upon tender of the redemption figure, petitioner "shall, within 14 days, execute and deliver to [r]espondent for recording in the Land Evidence Records of the City of Providence, the [r]edemption [d]eed attached hereto as Exhibit A."[2] The petitioner failed to deliver the redemption deed. On September 30, 2020, respondent filed a motion to adjudge petitioner in contempt for failure to deliver the redemption deed within the prescribed time and to impose sanctions.[3] Subsequently, petitioner filed a notice of appeal of the redemption order and judgment. Considering the entirety of counsel's conduct throughout the proceeding, a second justice of the Superior Court entered an order adjudging petitioner in contempt.[4] On the same day, the second hearing justice granted a motion to stay the order setting a redemption figure pending resolution of the appeal.

**Standard of Review**

It is well established that "[q]uestions of law and statutory interpretation * * * are reviewed *de novo* by this Court." *Epic Enterprises LLC v. 10 Brown & Howard Wharf Condominium Association*, 253 A.3d 383, 387 (R.I. 2021) (quoting *Peck v.*

---

[2] Judgment in favor of respondent entered on the same day as the order.
[3] Prior to the expiration of the time to file a notice of appeal from the judgment entered in favor of respondent, petitioner was required to comply with the order.
[4] Appellate counsel did not represent petitioner in the matter before the Superior Court.

*Jonathan Michael Builders, Inc.*, 940 A.2d 640, 643 (R.I. 2008)). "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996)). "In order to effectuate the intent of the Legislature, this Court examines the statute in its entirety * * * ." *LePage v. Babcock*, 839 A.2d 1226, 1230 (R.I. 2004).

## Discussion

On appeal, petitioner maintains that respondent was not entitled to redeem the Property because respondent's answer did not contain an offer to redeem prior to the return date as required by § 44-9-29, which states specifically that:

> "Any person claiming an interest, on or before the return day or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return day, shall, if he or she desires to redeem, file an answer setting forth his or her right in the land, and an offer to redeem upon the terms as may be fixed by the court."

Therefore, petitioner asserts, respondent's motion to amend its answer was untimely, based upon the plain reading of the statute because it was filed after the required return deadline. Specifically, petitioner contends that the untimely amended answer

was proffered in an effort to circumvent the consequences of respondent's fatal failure to request redemption in its original answer.

The respondent maintains that judgment in its favor was appropriate because respondent was always ready, willing, and able to redeem the Property, and that it filed a timely answer in this case seeking to contest the validity of title. The respondent asserts that the first hearing justice acted within their discretion to allow the amended answer because it relates back to its original answer. The respondent further argues that its answer contained all the required specifications contesting the validity of petitioner's tax title.

It is well settled that "an owner's right to redeem property after a tax sale is governed by chapter 9 of title 44." *Johnson v. QBAR Associates*, 78 A.3d 48, 52 (R.I. 2013). "Once notice of the petition is effectuated, any interested party may redeem the property by filing an answer to the petition along with an offer to redeem on or before the specified return day, which may be fixed no sooner than twenty days after the issuance of the notice." *Id.* "However, if an 'interested party fails to do so, a decree shall be entered which shall forever bar all rights of redemption.'" *Conley*, 138 A.3d at 760 (quoting *Izzo v. Victor Realty*, 132 A.3d 680, 685 (R.I. 2016)).

The requirements for redemption of real property in tax sales are set forth in § 44-9-29 and must be strictly applied. *See Conley v. Crown Realty, LLC*, 223 A.3d 768, 773 (R.I. 2020) (noting the "strict and complex statutory framework governing

- 6 -

tax sales and foreclosures"). Specifically, the statute mandates that any person seeking to redeem property after the tax sale must file an answer that includes an offer to redeem "prior to the fixed return day * * * ."[5] Section 44-9-29. This Court has stated in *Karayiannis v. Ibobokiwe*, 839 A.2d 492 (R.I. 2003), that in order to redeem, a property owner must make a timely offer pursuant to § 44-9-29. *Karayiannis*, 839 A.2d at 496. In the instant case, respondent filed a timely answer that challenged the validity of title, but, critically, did not make an offer to redeem in that answer. Specifically, § 44-9-31 provides that:

> "If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return date, or else be forever barred from contesting or raising the question in any other proceeding. He or she shall also file specifications setting forth the matters upon which he or she relies to defeat the title; and unless the specifications are filed, all questions of the validity or invalidity of the title, whether in the form of the deed or proceedings relating to the sale, shall be deemed to have been waived. Upon the filing of the specifications, the court shall hear the parties and shall enter a decree in conformity with the law on the facts found."

---

[5] Of note, the General Assembly amended G.L. 1956 § 44-9-29 to include this language after *Conley v. Fontaine*, 138 A.3d 756 (R.I. 2016), was decided, but prior to the decision by the first hearing justice to allow respondent to amend the answer in the instant case. *See* P.L. 2018, ch. 351, § 1; *see also Conley*, 138 A.3d at 760.

In its answer, respondent denied that it owed outstanding taxes or that it had received proper notice of tax deficiencies, public auctions, and this action. The answer included no suggestion whatsoever of an intent by respondent to redeem the Property. The respondent was required, by the unforgiving language of § 44-9-29, to set forth in its answer an offer to redeem before the fixed return date. Having failed do so, respondent's right to redeem is consequently barred. Although respondent is correct that generally, a hearing justice has broad discretion in allowing a party to amend their answer under Rule 15(a) of the Superior Court Rules of Civil Procedure, the clear statutory language of § 44-9-29 trumps that discretion. *See, e.g.*, *Faerber v. Cavanagh*, 568 A.2d 326, 328-29 (R.I. 1990); *Inleasing Corp. v. Jessup*, 475 A.2d 989, 992 (R.I. 1984); *Serra v. Ford Motor Credit Company*, 463 A.2d 142, 150 (R.I. 1983).

The answer filed by respondent allows respondent to contest the validity of the tax sale pursuant to § 44-9-31; however, there was no offer to redeem to satisfy the strict statutory requirements of § 44-9-29. Therefore, the final judgment granting respondent's right of redemption is hereby vacated.

In its appeal of the order of contempt, the petitioner contends that the stay of the redemption judgment mooted any need for compliance. The petitioner further contends that the sanctions did not look toward future compliance, and that, therefore, the second hearing justice erred. The respondent argues that the contempt

- 8 -

order was justified and within the second hearing justice's discretion because the petitioner willfully failed to comply with the redemption order. Here, the redemption order required compliance prior to the expiration of the time for filing a notice of appeal. Further, the contempt order was the result of the petitioner's failure to comply with the redemption order, which had been stayed. Once the judgment was stayed, the imposition of contempt sanctions did not serve the purpose of coercing the petitioner into compliance. *See Town of Coventry v. Baird Properties, LLC*, 13 A.3d 614, 621 (R.I. 2011). Therefore, the order of contempt is likewise vacated.

**Conclusion**

For the foregoing reasons, the final judgment granting the respondent's right of redemption is vacated. The order of contempt is likewise vacated. This case is remanded to the Superior Court for further proceedings consistent with this opinion on the petitioner's amended petition for foreclosure of the right of redemption and arguments raised.

Justice Long did not participate.

**Justice Robinson, dissenting**. After especially careful reflection and consideration, I have concluded that I have no choice other than to respectfully but

- 9 -

forcefully dissent from the majority's opinion in this case. In my opinion, the hearing justice was entirely correct in allowing the respondent to redeem the real property at issue because, in my judgment, the requirement that an offer to redeem be included along with the answer filed pursuant to G.L. 1956 § 44-9-29 is directory rather than mandatory.[1] While the legal basis for this dissent is my understanding of the statutory language, coupled with a review of this Court's jurisprudence as to when a particular provision is "mandatory" and when it is "directory," I would further submit that that legal conclusion of mine is consistent with fundamental concepts of justice and fairness and with the venerable principle that Equity abhors a forfeiture.

---

[1]    It is important to remain focused on the precise words used by the General Assembly in enacting G.L. 1956 § 44-9-29:

> "Any person claiming an interest, on or before the return day or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return day, shall, if he or she desires to redeem, file an answer setting forth his or her right in the land, and an offer to redeem upon the terms as may be fixed by the court. *Where an answer has been timely filed*, the court shall hear the parties, and may in its discretion make a finding allowing the party to redeem, within a time fixed by the court * * *." (Emphasis added.)

It should go without saying that it is the actual words of the statute itself that are of controlling importance—and not this Court's various paraphrases of the statutory language, which paraphrases are not uniformly consistent with one another.

It is well established that this Court "reviews questions of statutory interpretation *de novo*." *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012). In my judgment, due to the fact that it is not instantly clear which requirements in § 44-9-29 are mandatory and which are directory, that statute is ambiguous.[2] *See Middle Creek Farm, LLC v. Portsmouth Water & Fire District*, 252 A.3d 745, 751 (R.I. 2021) ("A statute is ambiguous if one of its words or phrases is susceptible to more than one meaning."); *see also Andrukiewicz v. Andrukiewicz*, 860 A.2d 235, 238 (R.I. 2004). And it is a basic principle that "when confronted with an unclear or ambiguous statutory provision * * * this Court will examine the statute in its entirety to discern the legislative intent and purpose behind the provision." *State v. LaRoche*, 925 A.2d 885, 888 (R.I. 2007); *see also Powers v. Warwick Public Schools*, 204 A.3d 1078, 1085-86 (R.I. 2019); *Tanner v. Town Council of Town of East Greenwich*, 880 A.2d 784, 796 (R.I. 2005).

While petitioner contends that the fact that an offer to redeem did not accompany respondent's original answer[3] was a fatal flaw that thereafter forever

---

[2]     It is particularly noteworthy that the second sentence in the statute quoted in the previous footnote speaks of what actions a court may take after "an answer has been timely filed." Section 44-9-29. No mention is made of any necessity for a petition to redeem to have been timely filed.

[3]     Counsel for respondent represented at oral argument that respondent amended its answer soon after its original filing to include an offer to redeem; it was further represented by counsel that, not long after the filing of the answer, petitioner was already on notice of respondent's engagement in the redemption process because the

barred respondent from being allowed to seek to redeem, I reject that argument as lacking in explicit statutory support and as being unnecessarily mechanistic and alien to certain basic principles of Anglo-American jurisprudence.  The fact that the offer to redeem was not filed simultaneously with the original answer is not a fatal flaw under the statutory scheme because the requirement that an offer to redeem be filed is secondary and not the controlling purpose of the statutory scheme.  It is my definite opinion that the statutory language regarding the offer to redeem is a directory rather than a mandatory provision.[4]  While I readily acknowledge that the provision concerning the filing of an offer to redeem is referred to in the statute and therefore is something that must be accomplished at some point, I am also mindful of this Court's authoritative statement to the effect that statutory provisions

---

parties were taking part in negotiations as to the amount that respondent would be required to pay in order to redeem.

[4]     The distinction between mandatory and directory provisions most often occurs with respect to statutory language relative to the duties of governmental bodies. *See, e.g.*, *Town of Exeter by and through Marusak v. State*, 226 A.3d 696, 702 (R.I. 2020); *New England Development, LLC v. Berg*, 913 A.2d 363, 371 (R.I. 2007).

Significantly, however, that distinction has also been applied in cases involving non-governmental parties. *See, e.g.*, *Rosa v. PJC of Rhode Island, Inc.*, 270 A.3d 37, 42 (R.I. 2022) (holding that a condominium association's failure to have strictly complied with its obligation under a statutory provision dealing with the filing of a particular certificate with the town was not fatal to the association's right to mount a defense in civil litigation because the requirement regarding the filing of the certificate was directory and not mandatory). *See generally Katz v. Commissioner of Revenue Services*, 662 A.2d 762, 764 (Conn. 1995).

- 12 -

"designed to secure order, system and dispatch are generally held directory unless accompanied by negative words." *West v. McDonald*, 18 A.3d 526, 534 (R.I. 2011) (internal quotation marks omitted).[5] It is clear to me that the statutory provision regarding an offer to redeem is one that is "designed to secure order, system and dispatch * * *." *Id.* (internal quotation marks omitted). For that reason, I am convinced that it is directory in nature.

Among the additional factors that this Court looks to in determining whether a temporal provision is directory or mandatory are "(1) the presence or absence of a sanction [and] (2) whether the provision is the essence of the statute * * *." *West*, 18 A.3d at 534.

This Court followed such an interpretive route in the *West* case when it held that the provision requiring that the zoning ordinance conform to comprehensive plans within eighteen months was directory and not mandatory because of the absence of any sanction for noncompliance and because the time frame referenced in the statute did not go to the essence of the statutory scheme. *West*, 18 A.3d at

---

[5] The classification of statutory provisions that are "designed to secure order, system and dispatch" as being "directory" is commonplace and is neither a recent nor an *ad hoc* innovation. *See, e.g.*, *Winslow v. Zoning Board of City of Stamford*, 122 A.2d 789, 793 (Conn. 1956) ("Legislative provisions designed to secure order, system and dispatch in proceedings are ordinarily held to be directory where * * * they are stated in affirmative terms or, to express it differently, are unaccompanied by negative words."). *See generally* 3 Shambie Singer, *Sutherland Statutes and Statutory Construction* § 57.13 at 90-93 (8th ed., 2020).

- 13 -

534-35.  This Court in effect characterized the provision at issue in *West* as being one "designed to secure order, system and dispatch * * *." *Id.* at 534 (internal quotation marks omitted).

This Court had previously followed a similar interpretive route in the important case of *Providence Teachers Union, Local 958, American Federation of Teachers, AFL-CIO v. McGovern*, 113 R.I. 169, 319 A.2d 358 (1974), where the Court held that a contractual provision calling for arbitration had not become unenforceable simply because the arbitrators had failed to "call" the arbitration hearing within ten days of the appointment of the neutral arbitrator as required in the relevant statute. *Providence Teachers Union*, 113 R.I. at 177, 319 A.2d at 363-64. The Court found that provision to be directory and not mandatory because "[t]he sole purpose of the time provision in the * * * contract [was] to have the matters speedily attended to by the arbitration panel." *Id.* at 177, 319 A.2d at 364.  The Court then immediately stated in broad language: "Provisions so designed to secure order, system and dispatch are generally held directory * * *." *Id.* at 177-78, 319 A.2d at 364.

To my mind, it is obvious that the truly mandatory requirement in the pertinent statutory scheme is that the answer be filed in a "timely" manner. *See* § 44-9-29. Indeed, this Court has frequently held that failure to file a timely answer is a fatal

- 14 -

flaw and bars any relief.[6]  However, cases involving untimely answers are readily

distinguishable from the case at bar, since in the present case it is undisputed that a

timely answer was filed, and there is no dispute that respondent showed itself to be

ready, willing, and able to redeem. *See Albertson v. Leca*, 447 A.2d 383, 389 (R.I.

1982) (stating that the trial court must allow redemption to one who is ready, willing,

and able to redeem and further holding that "the only proper basis for denying

redemption is that the party seeking to redeem is financially incapable of so doing");

*see also Massasoit Housing Corporation v. Town of North Kingstown*, 75 R.I. 211,

217, 65 A.2d 38, 40 (1949) ("Where a contract admits of two constructions, as in the

instant cause, the general rule is that *the court should adopt that construction which

is most equitable* and which will not give to one party an unconscionable advantage

over the other; and where the meaning is doubtful a construction which will entail a

forfeiture should  be avoided, especially where there is nothing in the language used

which expressly requires such result.") (emphasis added).[7]

---

[6]  The requirement that the answer be timely filed serves the purpose of assuring that the process of foreclosure (or of redemption) will not be unduly delayed; that requirement "gets the ball rolling" as it were.  One would then expect that the other steps in that process will take place in a reasonably orderly and prompt manner— with the possibility of a laches argument being asserted serving as an ever-present incentive to avoid undue delay.

[7]  It is my view that treating as mandatory the statutory provision that the offer to redeem be filed in as timely a manner as the answer would be to exalt form over substance.  On frequent occasions, this Court has cautioned against "exalt[ing] form over substance." *Duffy v. Dwyer*, 847 A.2d 266, 270 (R.I. 2004) (internal quotation

- 15 -

Importantly, this Court has expressly stated that it favors redemption so as to avoid a disproportionate forfeiture. *Albertson*, 447 A.2d at 389 (emphasizing that "equity abhors a forfeiture" and that it is "the general policy of courts to favor redemption"); *see Pleasant Management, LLC v. Carrasco*, 870 A.2d 443, 447 n.6 (R.I. 2005) ("The benevolent jurisprudential philosophy that is summarized in the maxim that equity abhors a forfeiture shall continue to guide us in all appropriate factual situations."); *Zeus Realty Company v. Jaral Realty, Inc.*, 653 A.2d 70, 70 (R.I. 1995) ("This [C]ourt has enunciated the principle that equity disfavors the forfeiture of real property.").[8] In the instant case, the assessed value is over ten times the amount paid at the tax sale.

---

marks omitted); *see, e.g.*, *State v. Davis*, 131 A.3d 679, 691 (R.I. 2016) (stating that the Court "would be elevating form over substance if [it] were to hold that defendant failed to adequately preserve [a particular issue]"); *State v. Keenan*, 68 A.3d 588, 593 n.4 (R.I. 2013) (noting that this Court has "repeatedly refused" to "elevate form over substance"); *New Harbor Village, LLC v. Town of New Shoreham Zoning Board of Review*, 894 A.2d 901, 905 (R.I. 2006) (declining to promote form over substance based on alleged procedural deficiencies); *see also Young v. Higbee Company*, 324 U.S. 204, 209 (1945) ("Equity looks to the substance and not merely to the form.").

[8]     Justice Weisberger's opinion for a unanimous Court in *Albertson v. Leca*, 447 A.2d 383 (R.I. 1982), is both comprehensive and eloquent in its discussion of "the rule that equity abhors and will relieve against forfeitures." *Albertson*, 447 A.2d at 387. In the text of that opinion, Justice Weisberger quotes the following almost apodictic language from the United States Supreme Court as stating "the general rule" with respect to forfeitures:

> "Forfeitures are not favored in the law. They are often the
> means of great oppression and injustice. And, where

- 16 -

I wish to emphasize that I am convinced that affirming the decision of the Superior Court in this matter would be consistent with this Court's laudable tradition of seeking to do what is just and fair unless settled law unequivocally bars such a result.[9] *See, e.g.*, *Tanner*, 880 A.2d at 800 (expressly referring to the "tenets of justice and fairness"); *Wilkinson v. Harrington*, 104 R.I. 224, 230-31, 243 A.2d 745, 749 (1968) (declining to construe a statute of limitations narrowly and stating that "[f]or courts to adopt the approach suggested by respondents would seriously retard the attainment of justice which, after all, is the true purpose of a court's existence"); *Albertson*, 447 A.2d at 387-88 ("Equity has been especially vigilant to relieve

adequate compensation can be made, the law in many cases, and equity in all cases, discharges the forfeiture, upon such compensation being made." *Albertson*, 447 A.2d at 387 (alteration omitted) (quoting *Knickerbocker Life Insurance Co. v. Norton*, 96 U.S. 234, 242 (1877)).

---

[9] Even if the question as to the mandatory or directory nature of the offer to redeem requirement were close (and I do not consider it to be close), the fact that petitioner was found in contempt by the second hearing justice would counsel against employing a "tie goes to the runner" approach in favor of petitioner. It should be remembered that the party which "*comes into equity must come with clean hands*." Zechariah Chafee, Jr. & Edward D. Re, *Cases and Materials on Equity* 11 (5th ed. 1967); *see also* William J. Lawrence III, *The Application of the Clean Hands Doctrine in Damage Actions*, 57 Notre Dame Law 673, 675 (1982) ("[T]he clean hands doctrine promotes justice. Courts use the doctrine to ensure a fair result. Where the plaintiff's conduct is such that it would be unjust to allow [plaintiff] a remedy, courts can use the doctrine as a bar to remedy."); *see generally Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814-16 (1945).

against forfeitures when compensation can be made and the forfeiture is merely a security for the payment of money."); *see generally Hormel v. Helvering*, 312 U.S. 552, 557 (1941) (Black, J.) ("Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.").[10]

In summary, I do not believe that the Court has arrived at a just or equitable result in this case or that this is a case where the "*dura lex sed lex*" maxim is properly applicable. While I genuinely respect the sincerity of the majority's approach to its interpretive task, I nevertheless find regrettable the inflexibility and harshness of the result that it reaches—a result which I firmly believe is not mandated by the statute. While I appreciate the need of municipalities for tax revenue, I do not believe that that need justifies construing the statute at issue in a manner that so gravely penalizes respondents for the slightest misstep. If indeed the existing law does dictate the result reached by the majority, then I submit that the time has come for legislative

---

[10] Even though tax foreclosure proceedings are not governed by the Rules of Civil Procedure, it is worth recalling this Court's liberal attitude vis-à-vis the amendment of pleadings under those rules. *See, e.g.*, *Catucci v. Pacheco*, 866 A.2d 509, 513 (R.I. 2005) ("This Court assumes a liberal position with respect to the amendment of pleadings under Rule 15 * * *."); *Manocchia v. Narragansett Capital Partners Television Investments*, 658 A.2d 907, 909 (R.I. 1995) ("It is well settled in Rhode Island that amendments under this rule are allowed with liberality.").

scrutiny of what I consider to be the overly draconian and merciless foreclosure and redemption statutory schemes.[11]

Respectfully, but with no small degree of passion, I dissent from the opinion of the Court.

---

[11] To my mind, the identity of the respondent in the instant case is of no relevance. The holding of the majority today could, in a future case, have an equally devastating effect on a respondent who was poverty-stricken or otherwise disadvantaged.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Westconnaug Recovery Company, LLC v. U.S. Bank National Association as Trustee for ARMT 2007-2, et al. |
| **Case Number** | No. 2020-245-Appeal.<br>No. 2021-83-Appeal.<br>(PM 19-5838) |
| **Date Opinion Filed** | March 17, 2023 |
| **Justices** | Suttell, C.J., Goldberg, J., Robinson, Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long<br>Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Patrick T. Conley, Esq.<br>For Respondent:<br><br>Michael P. Robinson, Esq. |

SU-CMS-02A (revised November 2022)