April 10, 2024

**Supreme Court**

No. 2022-330-Appeal.
(KC 21-582)

Wilmington Savings Fund Society, FSB :
DBA Christiana Trust as Trustee for
HLSS Mortgage Master Trust, by
PennyMac Loan Services, LLC, as its
Attorney-In-Fact

              v.                  :

Power Realty, RIGP a/k/a Power Realty :
        Group, RIGP, et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Wilmington Savings Fund Society, FSB :
DBA Christiana Trust as Trustee for
HLSS Mortgage Master Trust, by
PennyMac Loan Services, LLC, as its
Attorney-In-Fact

                        v.                        :

Power Realty, RIGP a/k/a Power Realty :
Group, RIGP, et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Long, for the Court.** The plaintiff, Wilmington Savings Fund Society, FSB DBA Christiana Trust as Trustee for HLSS Mortgage Master Trust, by PennyMac Loan Services, LLC (PennyMac), as its attorney-in-fact (collectively, plaintiff), appeals from a Superior Court decision granting summary judgment in favor of the defendants, Power Realty, RIGP a/k/a Power Realty Group, RIGP (Power Realty); Douglas H. Smith, Only in His Capacity as Partner of Power Realty; and TMC Keywest LLC (collectively, defendants) in the plaintiff's action to challenge the adequacy of notice of a prior petition to foreclose the right of redemption from a title conveyed by a tax collector's deed.

- 1 -

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Procedural History**

The relevant facts in this matter are undisputed. On July 6, 2021, plaintiff filed a complaint, pursuant to G.L. 1956 § 44-9-24, challenging a Superior Court decree that foreclosed the right of redemption from a title conveyed by a tax collector's deed to property located at 73 South Main Street, Coventry, Rhode Island (property).[1] The plaintiff had obtained title to the property in 2016 through a

---

[1] General Laws 1956 § 44-9-24 provides the following:

> "The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the superior court as provided in this chapter. Notwithstanding the rules of civil procedure or the provisions of chapter 21 of title 9, no decree shall be vacated except in a separate action instituted within six (6) months following entry of the decree and in no event for any reason, later than six (6) months following the entry of decree. Furthermore, the action to vacate shall only be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because

foreclosure deed from PennyMac Loan Services, LLC.  The plaintiff subsequently

failed to pay municipal taxes in the amount of $4,330.44; consequently, the town of

Coventry conducted a tax-sale auction in 2019 and conveyed a one hundred percent

interest in the property to Power Realty for the sum of $5,405.05, subject to a right

of redemption under the Rhode Island General Laws.

On September 18, 2020, after Power Realty filed a petition to foreclose any

right of redemption pursuant to § 44-9-25,[2] the Superior Court clerk issued a citation

---

the property was exempt from the payment of such taxes.
The superior court shall have exclusive jurisdiction of the
foreclosure of all rights of redemption from titles
conveyed by a tax collector's deed, and the foreclosure
proceedings shall follow the course of equity in a
proceeding provided for in §§ 44-9-25 – 44-9-33."

The plaintiff's complaint sought declaratory and injunctive relief in an effort
to  vacate a January 13, 2021 foreclosure decree for the following reasons: (1) Power
Realty lacked the capacity to file a foreclosure petition based on its status as a general
partnership; and (2) the foreclosure citation failed to provide plaintiff with notice
and this failure denied plaintiff its right to procedural due process.  The plaintiff has
abandoned its first theory of relief on appeal.

[2] Section 44-9-25(a) provides, in relevant part, as follows:

"After one year from a sale of land for taxes, * * * whoever
then holds the acquired title may bring a petition in the
superior court for the foreclosure of all rights of
redemption under the title.  The petition shall set forth a
description of the land to which it applies, with its assessed
valuation, the petitioner's source of title, giving a
reference to the place, book, and page of record, and other
facts as may be necessary for the information of the court."

notifying interested parties of the proceedings. The citation provided a metes and bounds description of the property, but did not include a street address for the property. The citation also specified that the property was located in Coventry, Rhode Island; provided the name and contact information of the attorney for Power Realty; and warned that failure to file a written appearance and answer would lead to default and, ultimately, a permanent bar against any future attempt to challenge the petition or final decree foreclosing the right of redemption. Power Realty served the citation via certified mail to three different addresses for plaintiff: at each address, plaintiff certified receipt of the citation via signature.

The plaintiff nevertheless failed to respond, was defaulted, and a justice of the Superior Court entered a final decree foreclosing the right of redemption on January 13, 2021. Power Realty subsequently sold the property to defendant TMC Keywest LLC for $165,000.

The plaintiff filed the instant action within six months of entry of the final decree, challenging the decree on multiple grounds, including inadequacy of notice of Power Realty's petition to foreclose all rights of redemption. The defendants sought summary judgment; and, in a written decision dated July 21, 2022, a second trial justice concluded that plaintiff had received adequate notice of the petition to foreclose all rights of redemption and that defendants were otherwise entitled to judgment as a matter of law. More specifically, and relevant to the instant appeal,

- 4 -

the trial justice rejected plaintiff's argument that the citation's failure to include the street address for the subject property deprived plaintiff of meaningful notice of the petition to foreclose the right of redemption while the matter was pending in the Superior Court.

Following the entry of final judgment, plaintiff filed a timely notice of appeal to this Court.

## Standard of Review

We review a trial justice's decision to grant summary judgment *de novo*. *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023). Moreover, this Court employs a *de novo* standard of review when evaluating a trial justice's denial of a litigant's request to vacate a final decree foreclosing a right of redemption in a subject property. *Izzo v. Victor Realty*, 132 A.3d 680, 685 (R.I. 2016).

## Discussion

The plaintiff argues that the trial justice erred in determining that the citation provided adequate notice of the petition to foreclose the right of redemption, as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because, plaintiff argues, the citation's failure to reference the street address of the property at issue provided insufficient notice of the then-pending petition. Additionally, plaintiff argues for the first time on appeal that this Court should reverse the trial justice's decision because it conflicts with the United

States Supreme Court's opinion in *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023). Neither argument persuades this Court that the trial justice erred or that the judgment should be vacated.

## A. Due Process

At a minimum, due process requires that a litigant provide notice that is reasonably calculated, when considering all circumstances, to inform interested parties about a pending legal proceeding while also providing an opportunity for them to raise any objections to that proceeding. *See Izzo*, 132 A.3d at 688. Further, due process is both flexible and pragmatic. *See Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 41 (1st Cir. 1987). It does not require parties to engage in overly formalistic or hypertechnical communications with one another in an effort to avoid violating the Fourteenth Amendment. *Id.* ("Substance governs over form. So long as a 'T' is clearly portrayed as a 'T,' the Constitution does not mandate that it be crossed in some mythic fashion."). When evaluating a challenge to the adequacy of notice in a proceeding to foreclose the right of redemption, courts assess "the efforts undertaken by the foreclosing party to determine whether those efforts are intended to actually inform the recipient about the pending matter." *Suncar v. Jordan Realty*, 276 A.3d 1274, 1279-80 (R.I. 2022) (Long, J., concurring) (citing *Jones v. Flowers*, 547 U.S. 220, 238 (2006)).

- 6 -

Section 44-9-27 lists the notice requirements for petitions to foreclose all rights of redemption from titles conveyed by tax-collector deed and mandates that the citation include: (1) the name of the petitioner; (2) the names of all known respondents; (3) a description of the land; and (4) a statement of the nature of the petition. *See* § 44-9-27(b). Moreover, this provision requires that the citation set forth a time when an interested party may enter an appearance while also informing an interested party that, unless that party appears within the fixed time frame, the court will record a default and that party's right of redemption will be forever barred.[3] *Id*.

Upon receipt of a citation, an interested party may contest the validity of a tax title pursuant to § 44-9-31:

> "If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return date, *or else be forever barred from contesting or raising the question in any other proceeding*. He or she shall also file specifications setting forth the matters upon which he or she relies to defeat the title; *and unless the specifications are filed, all questions of the validity or invalidity of the title, whether in the form of the deed or proceedings relating to the sale, shall be deemed to have been waived.* Upon the filing of the specifications, the court shall hear the parties and shall

---

[3] Section 44-9-46 provides a model form for this notice procedure but provides no particulars regarding the description of the land. *See* § 44-9-46.

- 7 -

enter a decree in conformity with the law on the facts found." (Emphasis added.)

This provision, similar to § 44-9-27(b), underscores the finality of the proceedings after an interested party has an opportunity to be heard.

After examining the undisputed facts in the record, we are satisfied that the failure of the September 18, 2020 citation to reference the street address of the subject property did not constitute a denial of due process in the circumstances of this case. The citation contained each of the requisite components mandated by § 44-9-27(b), as well as the name and address of the attorney for Power Realty, the fact that the property was located in Coventry, Rhode Island, a return date, and the location of the proceeding. Moreover, plaintiff acknowledges having received, through certified mail, a citation that contained an accurate metes and bounds description of the property; the property's correct street name, town, and state; and the correct plat and lot number for the property.

Notwithstanding this acknowledgement, plaintiff asserts that it could not have received meaningful notice in this matter because: (1) members of the general public could not ascertain the meaning of a metes and bounds description; (2) plaintiff's status as a California-based entity with an interest in thousands of different properties hindered it from ascertaining whether to respond; and (3) Power Realty intended to obscure the property's location because several other documents describing the land provided a street address.

Although the metes and bounds description created some amount of confusion for plaintiff upon receipt of the citation, we cannot conclude that it failed to provide meaningful notice of the then-pending proceedings. The plaintiff—a sophisticated and publicly traded mortgage company—clearly did not immediately ascertain the property's location from the citation, but it also did not contact the attorney listed on the citation to seek clarification. In fact, plaintiff's status as an entity that owns thousands of properties throughout the country undercuts its assertion that it could not readily ascertain the location of the subject property from a metes and bounds description. Upon receipt of the citation, plaintiff undoubtedly could have sought further information, rather than failing to respond to the citation or to appear at the foreclosure proceeding. This Court therefore declines the invitation to speculate on Power Realty's motives for omitting the street address when drafting the language included in the citation. The means employed—providing a metes and bounds description, including the correct street name and town, as well as contact information for the attorney for Power Realty—were such that plaintiff could and should have investigated the pending matter further. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, * * * or, where conditions do not reasonably permit such notice, that the form chosen is not

substantially less likely to bring home notice than other of the feasible and customary substitutes.").

Therefore, although the citation lacked a street address for the property at issue in the petition to foreclose the right of redemption, the omission does not amount to a due-process violation under the circumstances of this case. *See Murray v. Schillace*, 658 A.2d 512, 514 (R.I. 1995) (concluding that a litigant received adequate notice, despite a typographical error, based on the fact that a failure to respond to that notice could result in the deprivation of property and the party could have overcome the defect with ordinary diligence). The language of the citation was reasonably calculated, when considering all circumstances, to inform plaintiff about the pending petition to foreclose all rights of redemption from the title conveyed by the tax collector's deed to the property, while also providing an opportunity for plaintiff to contest the validity of the tax title. *Mullane*, 339 U.S. at 314.

We conclude that plaintiff has failed to demonstrate that failure to reference the street address for the property at issue amounts to a due-process violation or that unique circumstances in this case warrant our intervention. The plaintiff's challenge pursuant to § 44-9-24 fails and, in accordance with § 44-9-31, plaintiff is barred from contesting the validity of the January 13, 2021 decree of the Superior Court.

**B.  *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023)**

In plaintiff's supplemental Rule 12A Statement, filed on June 9, 2023, it argues that the Supreme Court's May 2023 decision in *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023), alters the outcome of this case.  Although parties may not ordinarily raise on appeal issues not argued before the trial justice, we recognize a narrow exception when the alleged error is more than harmless and implicates an issue of constitutional dimension derived from a new rule of law that a party could not expect to know at the time of trial. *See Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021).

However, even were this Court to assume that plaintiff's argument falls within this narrow exception to the raise-or-waive rule, *Tyler* does not control the outcome of this case.  The majority in *Tyler* held that the government possessed the authority to sell the plaintiff-homeowner's property to recover unpaid taxes, but that it could not retain the excess value in the home without violating the Takings Clause of the Fifth Amendment. *Tyler*, 598 U.S. at 638-39.  The record before this Court reveals that the town of Coventry sold the subject property exclusively for unpaid taxes and fees in the amount of $5,405.05 and did not retain any excess value in the property.  As a result, the Supreme Court's holding in *Tyler v. Hennepin County, Minnesota*, fails to alter the outcome of this matter.

Therefore, we conclude that the plaintiff failed to demonstrate that the citation provided inadequate notice of the foreclosure proceedings in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and that the citation contained the components required to inform the plaintiff of its obligations should it have wished to contest the validity of the tax title. Accordingly, we determine that no genuine issues of material fact are in dispute and that Power Realty is entitled to judgment as a matter of law.

## Conclusion

Based on the foregoing, we affirm the judgment of the Superior Court and remand the record in this case.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Wilmington Savings Fund Society, FSB DBA Christiana Trust as Trustee for HLSS Mortgage Master Trust, by PennyMac Loan Services, LLC, as its Attorney-In-Fact v. Power Realty, RIGP a/k/a Power Realty Group, RIGP, et al. |
| **Case Number** | No. 2022-330-Appeal. (KC 21-582) |
| **Date Opinion Filed** | April 10, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Carl E. Fumarola, Esq. |
| | For Defendants: <br><br> Douglas H. Smith, Esq. |